■ Risk Control Associates Insurance Group, Respondent, v Maloof, Lebowitz, Connahan & Oleske, P.C., et al., Appellants. [7 NYS3d 112]—

Order, Supreme Court, New York County (Debra A. James, J.), entered June 4, 2014, which granted plaintiff's motion to amend the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff, a claims administrator for an insurer, commenced this legal malpractice action against defendants, who were retained to represent the insurer's policyholder in a personal injury action. In a previous appeal, plaintiff's complaint was dismissed for its failure to allege that it had a "contractual obligation to pay for the loss in the personal injury action," and to "allege that it sustained actual damages because of this obligation" (*Risk Control Assoc. Ins. Group v Maloof, Lebowitz, Connahan & Oleske, P.C.*, 113 AD3d 522, 522 [1st Dept 2014] [*Risk Control I*]).

After this Court handed down the decision affirming the dismissal of the complaint, plaintiff moved to amend its complaint by proposing to add several plaintiffs, alleging that all the plaintiffs provided insurance to the policyholder, and that all the plaintiffs retained defendants.

Leave to amend pleadings is freely granted, "unless the proposed amendment is palpably insufficient or patently devoid of merit" (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 499 [1st Dept 2010]; *RBP of 400 W42 St., Inc. v 400 W. 42nd St. Realty Assoc.*, 27 AD3d 250 [1st Dept 2006]). At this stage of the pleadings, plaintiff need only plead allegations from which damages attributable to defendants' conduct "might be reasonably inferred" (*Tenzer, Greenblatt, Fallon & Kaplan v Ellenberg*, 199 AD2d 45, 45 [1st Dept 1993]).

Here, no damages can be "reasonably inferred," as plaintiff's amended allegations are defeated by the documentary evidence it submitted. The affidavit submitted by the vice-president of one of the proposed plaintiffs averred that plaintiffs were all claims administrators. Furthermore, the vice-president attested that the loss, allegedly resulting from defendants' malpractice, was paid by an entity who was not a party plaintiff, or proposed party plaintiff. Thus, plaintiff failed to allege either a "contractual obligation to pay for the loss," or actual damages (*Risk Control I* at 522; *Tenzer, Greenblatt* at 45).

Moreover, plaintiff's conclusory allegations of representation

will not suffice in the absence of an attorney-client relationship with defendants (*see Denenberg v Rosen*, 71 AD3d 187, 196 [1st Dept 2010], *lv dismissed* 14 NY3d 910 [2010]).

To the extent the motion sought to add the primary insurer as a plaintiff, defendants would be unduly prejudiced by the introduction of that new party plaintiff after the statute of limitations has expired (*see Bellini v Gersalle Realty Corp.*, 120 AD2d 345 [1st Dept 1986]). Concur—Tom, J.P., Sweeny, Renwick and Andrias, JJ.