This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 5
Red Zone LLC,
            Respondent,
          v.
Cadwalader, Wickersham & Taft
LLP,
            Appellant.


            David R. Marriott, for appellant.
            Jeffrey A. Jannuzzo, for respondent.


MEMORANDUM:

            The order of the Appellate Division should be modified,

with costs, by denying plaintiff's motion for summary judgment

and reinstating defendant's affirmative defenses of the statute

of limitations and comparative negligence and, as so modified,

affirmed.

- 1 -

Viewing the evidence in the light most favorable to defendant as the non-movant (see generally Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]; Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339 [2011]), material triable questions of fact exist regarding whether defendant failed to exercise the ordinary reasonable skill and knowledge commonly possessed by members of the legal profession (see Dombrowski v Bulson, 19 NY3d 347, 350 [2012]).  While a party may not create a feigned issue of fact to defeat summary judgment (see S.J. Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 341 [1974]), contrary to plaintiff's assertion here, the affidavit of the attorney who represented plaintiff did not flatly contradict his prior deposition testimony.  Therefore, the affidavit should have been considered in opposition to plaintiff's motion.

Similarly, plaintiff did not meet its burden of demonstrating that defendant's statute of limitations defense fails as a matter of law.  Specifically, triable questions of fact exist regarding whether the statute of limitations was tolled by the continuous representation doctrine in light of: the significant gap in time between the alleged malpractice and the later communications between the parties; the changed nature of the alleged legal representation of plaintiff by defendant; the absence of any clear delineation of the period of such representation; and defendant's submission of affidavits disclaiming any mutual understanding of legal representation

after 2005 (see generally Grace v Law, 24 NY3d 203, 212 [2014]).

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

Order modified, with costs, by denying plaintiff's motion for summary judgment and reinstating defendant's affirmative defenses of statute of limitations and comparative negligence and, as so modified, affirmed, in a memorandum.  Judges Pigott, Rivera, Abdus-Salaam, Stein and Garcia concur.  Chief Judge DiFiore and Judge Fahey took no part.


Decided June 2, 2016