■ BERGER & ASSOCIATES ATTORNEYS, P.C., et al., Respondents, v REICH, REICH & REICH, P.C., et al., Appellants. [42 NYS3d 16]—

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about March 22, 2016, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion for summary judgment dismissing the breach of contract cause of action, and otherwise affirmed, without costs.

The motion court correctly denied defendants' motion for summary judgment dismissing the complaint on statute of limitations grounds, because issues of fact exist whether the continuous representation doctrine applied to work performed by defendants in February 2012, and thus whether the statute of limitations was tolled until then (CPLR 214 [6]; *see Shumsky*

*v Eisenstein*, 96 NY2d 164, 167-168 [2001]; *Waggoner v Caruso*, 68 AD3d 1, 6-7 [1st Dept 2009], *affd on other grounds* 14 NY3d 874 [2010]; *CLP Leasing Co., LP v Nessen*, 12 AD3d 226, 227 [1st Dept 2004]). Plaintiffs' legal malpractice claim was based on defendants' representation of plaintiffs in an adversary proceeding in bankruptcy court, which defendants argue ended by July 2011 at the latest, when they completed work on an appeal in that proceeding. However, in February 2012, defendants reviewed and commented on a lien avoidance matter, in which they represented plaintiffs against the same individual (Alexander Kran, III) as in the adversary proceeding, to collect on the same judgment that prompted the adversary proceeding. In addition, plaintiffs asked defendants about any possible impact that the then pending appeal in the adversary proceeding would have on the lien. Thus, especially in view of the written retainer agreement's definition of the scope of the representation as "services in consulting with you [plaintiffs] concerning your interests as a creditor in the Chapter 7 bankruptcy case of Alexander Kran, III," there are triable issues of fact whether the adversary proceeding and the lien avoidance matter are sufficiently related so as to apply the continuous representation doctrine (*see Parlato v Equitable Life Assur. Socy. of U.S.*, 299 AD2d 108, 114-115 [1st Dept 2002], *lv denied* 99 NY2d 508 [2003]; *see also CLP Leasing* at 227).

Nevertheless, plaintiffs' breach of contract claim should have been dismissed as duplicative of the legal malpractice claim, as it was based on the same factual allegations underlying the malpractice claim and alleged similar damages (*Voutsas v Hochberg*, 103 AD3d 445, 446 [1st Dept 2013], *lv denied* 22 NY3d 853 [2013]; *see also Fross, Zelnick, Lehrman & Zissu, P.C. v Geer*, 120 AD3d 1157, 1158 [1st Dept 2014]). Concur—Friedman, J.P., Andrias, Moskowitz, Gische and Gesmer, JJ.