■ RISK CONTROL ASSOCIATES INSURANCE GROUP, Appellant, v MALOOF, LEBOWITZ, CONNAHAN & OLESKE, P.C., et al., Respondents. [57 NYS3d 139]—

Order, Supreme Court, New York County (Debra A. James, J.), entered July 19, 2016, which, to the extent appealed from, denied plaintiff's motion for leave to amend the pleadings and serve a second amended complaint, unanimously affirmed, with costs.

"Leave to amend pleadings is freely granted, unless the proposed amendment is palpably insufficient or patently devoid of merit. At this stage of the pleadings, plaintiff need only plead allegations from which damages attributable to defendants' conduct might be reasonably inferred" (*Risk Control Assoc. Ins. Group v Maloof, Lebowitz, Connahan & Oleske, P.C.*, 127 AD3d 500, 500 [1st Dept 2015] [internal quotation marks and citations omitted]). However, "subrogation is premised on the concept 'that the party who causes injury or damage should be required to bear the loss by reimbursing the insurer for payments made on behalf of the injured party' " (*NYP Holdings, Inc. v McClier Corp.*, 65 AD3d 186, 189 [1st Dept 2009]). By plaintiff's own admission, National Specialty, the insurer that issued the subject insurance policy, was also the party that provided financial resources to pay the settlement at issue in

the underlying action, and thus, "plaintiff failed to allege . . . actual damages" (*Risk Control*, 127 AD3d at 500), regardless of whether its subrogation claim is pleaded on an equitable or a contractual basis.

National Specialty's claims are time-barred by the three-year statute of limitations applicable to nonmedical malpractice actions, whether sounding in breach of contract or tort (*see* CPLR 214 [6]; *Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d 538, 542 [2004]; *Berger & Assoc. Attorneys, P.C. v Reich, Reich & Reich, P.C.*, 144 AD3d 543, 544 [1st Dept 2016]; *Voutsas v Hochberg*, 103 AD3d 445, 446 [1st Dept 2013], *lv denied* 22 NY3d 853 [2013]). Plaintiff's argument, that leave to amend to substitute new parties, related to the original parties, should not be precluded as time-barred so long as the earlier pleading gave the adverse party sufficient notice of the transaction out of which the new claim arises (*see Bellini v Gersalle Realty Corp.*, 120 AD2d 345, 347-348 [1st Dept 1986]), is unavailing in these circumstances, as the proceeding was not commenced by the real party in interest, and the amendment to add the proper party was time-barred. Concur—Acosta, P.J., Renwick, Richter, Feinman and Webber, JJ.