City of New York v George G. Sharp, Inc. (2019 NY Slip Op 08809)





City of New York v George G. Sharp, Inc.


2019 NY Slip Op 08809


Decided on December 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 10, 2019

Friedman, J.P., Kapnick, Kern, Oing, JJ.


10533 400227/11

[*1] The City of New York, Plaintiff-Respondent,
v
George G. Sharp, Inc., Defendant-Appellant.


Rubin, Fiorella & Friedman LLP, New York (James E. Mercante of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Scott Shorr of counsel), for respondent.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered August 6, 2018, which denied defendant's motion to dismiss the complaint alleging professional malpractice as untimely, unanimously affirmed, without costs.
Defendant failed to meet its prima facie burden of establishing that plaintiff City of New York's time in which to sue has expired (see Benn v Benn, 82 AD3d 548 [1st Dept 2011]). "A cause of action to recover damages against an architect for professional malpractice is governed by a three-year statute of limitations, which accrues upon termination of the professional relationship — that is, when it completes its performance of significant (i.e. non-ministerial) duties under the parties' contract" (New York City Sch. Constr. Auth. v Ennead Architects LLP, 148 AD3d 618, 618 [1st Dept 2017] [internal quotation marks omitted]; CPLR 214[6]). Here, the City has sufficiently alleged that defendant completed its performance under the contract, and the parties' professional relationship terminated, on or about February 2, 2010, when defendant allegedly delivered its completed as-built designs. Because the City commenced this suit a year later, on or about January 28, 2011, its malpractice claim was timely (CPLR 214[6]).
The City's allegations, that defendant departed from accepted practice and failed to perform services in accordance with professional standards, sound in negligence. However, even if couched in contract, the City's claim still would be timely under CPLR 214(6) (see Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.], 3 NY3d 538, 542 [2004]; Risk Control Assoc. Ins. Group v Maloof, Lebowitz, Connahan & Oleske, P.C., 151 AD3d 527, 528 [1st Dept 2017], lv dismissed 32 NY3d 1196 [2019]; compare Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704 [2018]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 10, 2019
CLERK