Kaiafas v Ammos NYC LLC (2020 NY Slip Op 00052)





Kaiafas v Ammos NYC LLC


2020 NY Slip Op 00052


Decided on January 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10695N 650847/17

[*1] Nikolaos Kaiafas, Plaintiff-Appellant,
v
Ammos NYC LLC, et al., Defendants-Respondents. [And a Third-Party Action]


Sipsas P.C., Astoria (Ioannis P. Sipsas of counsel), for appellant.
Studin Young PC, Hauppage (Tamir Young of counsel), for respondents.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered November 28, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion to quash plaintiff's subpoena, and denied plaintiff's cross motion to modify the subpoena and amend the complaint to add causes of action numbered "ninth" through "thirteenth" related to an alleged breach of a partnership agreement, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, to grant plaintiff's cross motion to modify his subpoena and amend his complaint as requested.
Plaintiff's proposed modified subpoena requesting specified bank documents from defendants' nonparty bank contained sufficient language to afford the bank requisite notice of the relevance underlying the document request (see generally CPLR 3101[a][4]; Matter of Kapon v Koch, 23 NY3d 32 [2014]). On this record, including plaintiff's allegations and the documentary proof, the requested bank documents were material and necessary to plaintiff's claims of partnering with defendant Dimitris Konstantinos Nakos to purportedly contribute to and share equally in the profits and losses of certain restaurant ventures, including defendant Ammos NYC LLC.
Plaintiff's request for leave to amend his complaint to add new causes of action alleging breach of a partnership agreement, entitlement to an accounting and constructive trust, and for declaratory relief and a declaratory judgment determining, inter alia, the extent, if at all, of plaintiff's alleged partnership interests in the claimed restaurant ventures, and for dissolution of the partnership if warranted, is supported by sufficient factual pleadings to support the new causes of action alleged
(see Risk Control Assocs. Ins. Group v Lebowitz, 151 AD3d 527 [1st Dept 2017], lv denied 32 NY3d 1196 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2020
CLERK