Edstrom v St. Nicks Alliance Corp. (2021 NY Slip Op 03112)





Edstrom v St. Nicks Alliance Corp.


2021 NY Slip Op 03112


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 


Index No. 159450/14 Appeal No. 13830 Case No. 2021-00439 

[*1]James Edstrom, et al., Plaintiffs-Appellants,
v
St. Nicks Alliance Corp., et al., Defendants-Respondents.


Law Office of John F. McHugh, New York (John F. McHugh of counsel), for appellants.
Gordon Rees Scully Mansukhani, LLP, New York (Ryan James Sestack of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about August 11, 2020, which granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiffs' cross motion for leave to file an amended complaint, unanimously modified, on the law, to deny summary judgment on the first cause of action alleging breach of the warranty of habitability, and otherwise affirmed, without costs.
Plaintiffs were the tenants of an apartment in the building owned and operated by defendants as landlord and managing agent, asserting violations of the warranty of habitability and federal and state housing discrimination laws. We reverse the award of summary judgment to defendants on the first cause of action, asserting a breach of the warranty of habitability, as the motion court should not have resolved the questions of fact related to the habitability of the apartment in defendants' favor (Clearwater Realty Co. v Hernandez, 256 AD2d 100, 103 [1st Dept 1998]).
The record reflects that plaintiffs routinely complained to defendants about a rodent infestation in the apartment, the condition was observed by witnesses other than plaintiffs, and eventually resulted in intervention by the New York City Department of Health & Mental Hygiene. Thus, we remand for further proceedings to determine the duration of the uninhabitable conditions and the appropriate rental abatement for the period the apartment suffered from the uninhabitable condition as measured by "the difference between the fair market value of the premises if they had been as warranted, as measured by the rent reserved under the lease, and the value of the premises during the period of the breach" (Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 329 [1979], cert denied 444 US 992 [1979]).
As for the remaining causes, we affirm the dismissal of plaintiffs' claims for violations of the federal Fair Housing Act (42 USC §§ 3604 and 3617 [FHA]) and the New York State Human Rights Law (Executive Law § 296, et seq. [NYSHRL]), albeit for different reasons than those relied on by Supreme Court. Plaintiff alleges that his landlord failed to respond to reports of sexual-orientation and race-based harassment by a fellow tenant. In Francis v Kings Park Manor, Inc. (992 F3d 67, 75 [2d Cir 2021]), the Second Circuit acknowledged that deliberate indifference may be used to ground an FHA claim against a landlord when "a plaintiff plausibly alleges that a [landlord] exercised [the requisite] substantial control over the context in which the harassment occurs and over the harasser" However, the Second Circuit held, in relevant part, that "[t]he typical powers of a landlord over a tenant—such as the power to evict—do not establish the substantial control necessary to state a deliberate indifference claim under the FHA" (id.). Here, the complaint fails to state a claim under the FHA, because it provides no factual basis to infer that defendant had substantial control over the alleged harasser[*2], where it simply alleges the typically arms-length relationship between landlord and tenant.
Because we evaluate claims for violations of the State HRL under the same framework as the FHA (id. at 73), we find that plaintiff also fails to state a claim under section 296(5) of the NYSHR and thus the second cause of action was properly dismissed. These same principles would apply to plaintiffs' cross motion to amend the complaint, which proposed amendments predicated on the same conduct, and therefore were devoid of merit as a matter of law for the reasons discussed above (Risk Control Assoc. Ins. Group v Maloof, Lebowitz, Connahan & Oleske, P.C., 151 AD3d 527, 527 [1st Dept 2017], lv dismissed 32 NY3d 1196 [2019]).
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021