Millenium Consol. Holdings, LLC v Bluefin Capital Mgt., LLC (2024 NY Slip Op 02371)

Millenium Consol. Holdings, LLC v Bluefin Capital Mgt., LLC

2024 NY Slip Op 02371

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, Rosado, O'Neill Levy, JJ. 

Index No. 656387/22 Appeal No. 2179 Case No. 2023-02397 

[*1]Millenium Consolidated Holdings, LLC, et al., Plaintiffs-Respondents,
v
Bluefin Capital Management, LLC, Defendant-Appellant.

Harris St. Laurent & Wechsler LLP, New York (Alisha McCarthy of counsel), for appellant.
Nelson Mullins Riley & Scarborough LLP, New York (Mitchell Boyarsky of counsel), for respondents.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered April 18, 2023, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the first cause of action for tortious interference with contract upon applying New York law instead of North Carolina law, unanimously affirmed, without costs.
Plaintiffs, based in North Carolina, and their former employee (Zhou) entered into certain restrictive covenants, including that Zhou would not compete with plaintiffs' business of trading in fixed income securities. During the period set for noncompetition, Zhou became employed by defendant, based in New York, which, among other things, trades in fixed income securities.
Supreme Court correctly applied New York law upon finding no actual conflict between New York law and North Carolina law regarding tortious interference with contract (see Elmaliach v Bank of China Ltd., 110 AD3d 192, 200 [1st Dept 2013]; SNS Bank v Citibank, 7 AD3d 352, 354 [1st Dept 2004]). Both states' laws include the same elements (see Vigoda v DCA Prods. Plus, 293 AD2d 265, 266 [1st Dept 2002], citing Lama Holding Co. v Smith Barney, 88 NY2d 423, 424 [1996]; compare Wells Fargo Ins. Servs. USA, Inc. v Link, 372 NC 260, 282 [2019]), and both allow a defense of economic interest to the element of proving actions without justification (see Foster v Churchill, 87 NY2d 744, 750 [1996]; see also Residential Bd. of Millenium Point v Condominium Bd. of Millenium Point, 197 AD3d 420, 421, 423 [1st Dept 2021]; compare Wells Fargo Ins. Servs., 372 NC at 284). That in North Carolina "recruitment of employees from a business competitor is presumptively privileged competitive actively, absent an allegation of legal malice," is irrelevant, as this action involves only the alleged interference with a former employee's covenant not to compete with plaintiffs, as opposed to a covenant barring solicitation of plaintiffs' current employees by the former employee (see Wells Fargo Ins. Servs., 372 NC 260, 285, 263, 266-276; see also Elmaliach, 110 AD3d at 200).
Supreme Court also correctly denied the motion to dismiss as to plaintiff's tortious interference with contract claim (CPLR 3211[a][7]; see Vigoda, 293 AD2d at 266). The complaint sufficiently alleged a valid contract, whereby plaintiffs had a legitimate interest in the "protection against misappropriation of [their] trade secrets" (BDO Seidman v Hirshberg, 93 NY2d 382, 389, 392 [1999], citing Reed, Roberts Assoc. v Strauman, 40 NY2d 303, 308 [1976]). It also sufficiently alleged a breach by Zhou of the restrictive covenant by accepting employment with defendant after plaintiffs objected, and even though the parties describe their own businesses as SEC-registered broker-dealers trading in fixed income securities with sophisticated counterparties instead of traditional customers; defendant's knowledge of the contract; and defendant's inducement of the ongoing breach thereof, including by aiding Zhou's [*2]statements to plaintiffs claiming compliance with the covenants (see Vigoda, 293 AD2d at 266). Further, the complaint sufficiently "plead[ed] allegations from which damages attributable to defendant['s] conduct 'might reasonably be inferred'" (Risk Control Assoc. Ins. Group v Maloof, Lebowitz, Connahan & Oleske, P.C., 127 AD3d 500, 500 [1st Dept 2015]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024