Dar v SAJ Transp. Northeast LLC (2025 NY Slip Op 01165)

Dar v SAJ Transp. Northeast LLC

2025 NY Slip Op 01165

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Moulton, J.P., Gesmer, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 650707/22 595468/22 595720/23|Appeal No. 3778|Case No. 2024-02080|

[*1]Zahidah Dar etc., Plaintiff-Respondent,
v
SAJ Transportation Northeast LLC, et al., Defendants-Appellants.
Jaffar Naqvi et al., Third-Party Plaintiffs,
v
Salman Dar, Third-Party Defendant. SAJ Transportation Northeast LLC, Second-Third Party Plaintiff,

Held & Hines, LLP, Brooklyn (Carl E. Zapffe of counsel), for appellants.
Law Office of Michael H. Joseph, PLLC, New York (Michael H. Joseph of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered March 19, 2024, which denied the motion of defendant/third-party plaintiff Jaffar Naqvi and defendant/second third-party plaintiff SAJ Transportation Northeast LLC (SAJ) to quash subpoenas issued by plaintiff to nonparties JP Morgan Chase, NA and Van Cott Ebrahim P.C., granted the motion of plaintiff/second third-party defendant Zahidah Dar (Zahidah) and second third-party defendants Salman Dar, Asad Dar, and Amaan Dar to dismiss the second third-party complaint, and denied defendants' motion to dismiss the complaint pursuant to the doctrine of illegality, unanimously modified, on the law, to deny the motion to dismiss the second third-party complaint as to the claims for breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, conversion (except as to Amaan Dar), and unjust enrichment and reinstate those claims, and otherwise affirmed, without costs.
The court properly denied the motion to quash subpoenas issued to nonparties JP Morgan Chase, NA, and Van Cott Ebrahimi P.C. The subpoenas "contained sufficient language to afford the . . . requisite notice of the relevance underlying the document request[s]" (Kaiafas v Ammos NYC LLC, 179 AD3d 416, 417 [1st Dept 2020]; see Matter of Kapon v Koch, 23 NY3d 32, 38-39 [2014]). Furthermore, the subpoenas properly sought to compel the production of specific documents and were not improperly used to ascertain the existence of evidence (cf. Law Firm of Ravi Batra, P.C. v Rabinowich, 77 AD3d 532, 533 [1st Dept 2010]).
We reject Zahidah's assertion that the issues as to the second third-party complaint are not preserved for appeal. The court's prior dismissal of the first third-party complaint involved different parties, and Zahidah does not address SAJ's argument that it is not in privity with them (see Rojas v Romanoff, 186 AD3d 103, 107-112 [1st Dept 2020]).
The court properly granted the motion to dismiss the breach of contract claim in the second third-party complaint. The second third-party complaint does not assert that SAJ was a party to alleged agreements concerning Salman's ongoing management of SAJ and Zahidah's taking limited monthly draws from SAJ. It also does not allege that the second third-party defendants breached the operating agreement, assuming SAJ was a party to it.
However, based on our conclusion that there is no viable breach of contract claim, the court should not have dismissed the unjust enrichment claim as duplicative. Similarly, the court should not have dismissed the implied covenant of good faith and fair dealing claim solely on the ground that it was duplicative of the breach of contract claim. Zahidah does not raise any arguments to support that these claims were otherwise properly dismissed, and, thus, the implied covenant of good faith and fair dealing and unjust enrichment claims are reinstated.
The court should not have dismissed the conversion claim as to Zahidah, Salman[*2], and Asad. Since the breach of contract claim in the second third-party complaint was properly dismissed, we reject Zahidah's argument that the conversion claim as to her and Salman should be dismissed as duplicative of that claim. Moreover, SAJ sufficiently pleads that Asad assumed control of funds that Zahidah or Salman allegedly converted from SAJ (see e.g. Mutual Benefits Offshore Fund, Ltd. v Zeltser, 172 AD3d 648, 652 [1st Dept 2019], lv dismissed 35 NY3d 933 [2020]; Pokoik v Gittens, 171 AD2d 470, 471 [1st Dept 1991]). On the other hand, Amaan's only purported involvement in this alleged scheme was his receipt of real property that Salman and Zahidah allegedly acquired from converted funds, which is insufficient to sustain a conversion claim as against him (see Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 50 [2006]).
The court should not have dismissed the breach of fiduciary duty claim. Zahidah inconsistently argues that there was no contract between SAJ and Zahidah or Salman, yet she also contends that the breach of fiduciary duty claim duplicates the breach of contract claim. In any event, conduct amounting to breach of contract may also constitute breach of fiduciary duty (see Bullmore v Ernst & Young Cayman Is., 45 AD3d 461, 463 [1st Dept 2007]). As to Salman specifically, the second third-party complaint sufficiently pleads that he owed SAJ a fiduciary duty by virtue of being its manager and damaged it by his misconduct (see Tribeca Preparatory LLC v Aninias, 225 AD3d 508, 509 [1st Dept 2024]; see also McKinnon Doxsee Agency, Inc. v Gallina, 187 AD3d 733, 736 [2d Dept 2020]). Contrary to Zahidah's contention, the allegations go beyond mere neglect of duties to assert that Salman took unauthorized payments from SAJ. Zahidah's reliance on certain notations on checks made payable to Salman do not flatly contradict the asserted claim of breach of fiduciary duty so as to warrant dismissal at this stage of the litigation.
The court properly dismissed the aiding and abetting breach of fiduciary duty claim, which requires, among other things, "that the defendant knowingly induced or participated in the breach," meaning that "he or she provides 'substantial assistance' to the primary violator" (Kaufman v Cohen, 307 AD2d 113, 125-126 [1st Dept 2003]). Here, SAJ fails to respond to Zahidah's argument that the complaint does not allege that she provided "substantial assistance" to the primary violator.
The court also properly dismissed the asserted fraud and misrepresentation claims as SAJ fails to identify any misrepresentations made by the second third-party defendants (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [2011]). Contrary to SAJ's contention, its allegation that Zahidah and Salman induced SAJ to enter into contracts with illicit intent not to perform was insufficient to plead fraud (see CPLR 3016[b]; New York Univ. v Continental Ins. Co., 87 NY2d 308, 319 [1995]). Because the fraud claim fails, the court [*3]also properly dismissed the aiding and abetting fraud claim.
Finally, the court properly denied defendants' motion to dismiss the complaint pursuant to the doctrine of illegality. As the court found, the record is disputed, so defendants have not established their asserted illegality defense on this motion to
dismiss (see e.g. Napolitano v Bounce 21, LLC, 212 AD3d 527, 528 [1st Dept 2023]).
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025