## 99th Ave. Holdings, LLC v Schatz

2025 NY Slip Op 30979(U)

March 13, 2025

Supreme Court, New York County

Docket Number: Index No. 151688/2024

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. EMILY MORALES-MINERVA
                                                         *Justice*

-------------------------------------------------------------------X

99TH AVENUE HOLDINGS, LLC

                              Plaintiff,

                    - V -

LARRY H. SCHATZ,

                              Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| PART | 42M |
| INDEX NO. | 151688/2024 |
| MOTION DATE | 06/27/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45

were read on this motion to/for                    DISMISS                    .

APPEARANCES:

> Thomas D. Shanahan, P.C., New York, New York (Thomas D. Shanahan, Esq., of counsel) for Plaintiff.
>
> Marshall Dennehey Warner Coleman & Goggin, New York, New York (Nicholas Peter Chrysanthem, Esq., of counsel) for Defendant.

HON. EMILY MORALES-MINERVA:

In this legal malpractice action, defendant LARRY H.

SCHATZ, moves, by notice of motion (sequence no. 001), pursuant

to CPLR § 3211 (a) (1), (5) and (7),[1] dismissing the complaint of

---

[1] CPLR § 3211 (a) provides, as pertinent here, "A party may move for judgment dismissing one or more causes of action asserted against him on the ground that:
"(1) a defense is founded upon documentary evidence; or
"(5) the cause of action may not be maintained because of arbitration and award, collateral estoppel, discharge in bankruptcy, infancy or other disability of the moving party, payment, release, res judicata, statute of limitations, or statute of frauds; or
"(7) the pleading fails to state a cause of action."

**151688/2024   99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H**
**Motion No.  001**

Page 1 of 18

[* 1]

plaintiff 99TH AVENUE HOLDINGS, INC. Plaintiff appears and opposes the motion.

In addition to opposing defendant's motion, plaintiff moves, by cross-motion, pursuant to CPLR § 3212, for an order granting it summary judgment against defendant. Defendant appears and opposes plaintiff's motion.

For the reasons set forth below, defendant's motion (seq. no. 001) is denied entirely, and plaintiff's cross-motion is denied entirely.

BACKGROUND

On or about April 20, 2015, plaintiff, 99TH AVENUE HOLDINGS, LLC (plaintiff), entered into a Lease Agreement (the Lease) with non-party New York Communications Center Associates, LP, (Landlord) for the premises located at 350 West 50th Street, New York, NY, ground-floor, operated as TMPL Gym (the Gym) (see New York State Court Electronic Filing System [NYSCEF] Doc. No. 26, Lease). Pursuant to Paragraph 78 of the Lease, entitled "Landlord's Contribution", Landlord agreed to reimburse plaintiff up to $3,750,000.00 for renovation costs -- "tenant improvement funds" -- incurred by plaintiff within the first year of the lease term (see id. at ¶ 78 [A]). The Lease further provided as follows:

151688/2024  99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H
Motion No. 001

Page 2 of 18

2 of 18

[* 2]

"(C) [Landlord] shall pay to [plaintiff] the remaining 10% [$375,000.00] of the [$3,750,000.00] promptly following the later to occur of the date (i) [plaintiff] opens for business to the general public in the demised premises and (ii) [plaintiff] shall deliver to Landlord [] (y) all Building Department Filing documents, permits, and approvals, or such other evidence reasonably satisfactory to Landlord that the work is in compliance with the Law [].
"(D) Notwithstanding the foregoing, [plaintiff's] right to collect Landlord's Contribution shall exist only with respect to costs actually incurred by Tenant within the first year of the Term [], and to the extent not utilized within such period, Landlord's Contribution shall be deemed waived by Tenant and Landlord shall be under no further obligation to make any further payments to Tenant []."

(id.).

In October of 2016, plaintiff and non-party TSI Hell's Kitchen, LLC (TSI) entered into discussions to sell the Gym to TSI (see NYSCEF Doc. No. 002, Complaint). Plaintiff retained defendant LARRY H SCHATZ (defendant) to represent plaintiff for the purposes of this sale (see id.).

In accordance with the sale, defendant drafted and negotiated an Asset Purchase Agreement (APA) and Assignment and Assumption of Lease (Assignment) on behalf of plaintiff. On or about November 22, 2017, plaintiff, represented by defendant, and TSI entered into the APA and Assignment (see NYSCEF Doc. No. 003, APA, dated November 22, 2017; see also NYSCEF Doc. No. 004, Assignment, dated December 11, 2017).

Defendant also drafted and negotiated a Consent Agreement, entered into between plaintiff and Landlord on December 12, 2017 (see NYSCEF Doc. No. 004, Consent Agreement, dated December 12,

151688/2024  99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H          Page 3 of 18
Motion No.  001

3 of 18

[* 3]

2017). The Consent Agreement required plaintiff to "obtain a temporary certificate of occupancy (TCO) in connection with certain alterations performed by tenant [plaintiff] in the premises in respect of the permitted use" (id. at ¶ 3[a]). It also provided that, "failure of [plaintiff] to have obtained the TCO as of the date of this Consent . . . shall not be deemed to be a default under the Lease, provided and on the condition, that [plaintiff] shall promptly undertake and proceed with diligence to obtain such TCO" (id.). Pursuant to the same, plaintiff was required to give $250,000.00 to Landlord to hold in escrow until plaintiff obtained the TCO (see id. at ¶ 3[b]).[2]

Thereafter, in accordance with the Consent Agreement, plaintiff deposited $250,000.00 with Landlord, who had also held the $375,000.00, representing ten percent of the $3,750,00.00 owed to plaintiff for renovation expenses (the TI Funds) (see NYSCEF Doc. No. 002, Complaint). In total, Landlord retained $625,000.00.

On or about September 22, 2020, the City of New York issued the TCO with an effective date of September 29, 2020 (see NYSCEF Doc. No. 005, TCO, dated September 29, 2020). However, Landlord refused to release the $625,000.00 to plaintiff because TSI had failed to make rent payments pursuant to the Lease, which

---

[2] The Consent Agreement states, "Landlord may use any part of the TCO Security to satisfy any default or failure of Tenant" (NYSCEF Doc. No. 004, Consent Agreement, ¶ 3[b]).

151688/2024   99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H          Page 4 of 18
Motion No. 001

4 of 18

[* 4]

plaintiff had assigned to TSI (see NYSCEF Doc. No. 002, Complaint).

On October 8, 2020, defendant demanded that Landlord release the TI Funds "of $375,000.00 as a final payment of [the] Tenant Improvement Allowance due to [plaintiff] plus the sum of $250,000.00 as security for the issuance of a TCO [] which has been issued" (NYSCEF Doc. No. 006, Demand Letter, dated October 08, 2020). Landlord refused to release the funds.

Consequently, on October 26, 2020, plaintiff commenced an action against TSI and Landlord to recover, among other things, the $625,000.00 in funds allegedly belonging to plaintiff (see 99th Avenue Holdings, LLC v TSI Hell's Kitchen LLC, New York Communications Center Associates, LP, SL Green Management, LLC and RXR Realty LLC, Index No. 655667/2020 [A. Engoron, J.S.C.] [Sup Ct, NY Cnty][TSI Litigation]). Plaintiff retained non-party Thomas Shanahan, Esq. (TSI Litigation counsel), to represent it in the TSI Litigation.

Throughout the TSI Litigation, TSI Litigation counsel and plaintiff continued to confer with defendant (see NYSCEF Doc. No. 18, Email Exchanges between plaintiff, defendant, and TSI litigation counsel, dated November 5, 2020, through October 5, 2021). Though plaintiff successfully recovered the $250,000.00, the court (A. Engoron, J.S.C.) declined to award plaintiff the

151688/2024  99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H
Motion No. 001

Page 5 of 18

remaining $375,000.00 (see NYSCEF Doc. No. 12, TSI Litigation Decision and Order, dated September 05, 2023).

Thereafter, on February 25, 2024, plaintiff commenced the instant action against defendant LARRY H. SCHATZ for legal malpractice. In the complaint, plaintiff alleges that defendant, as counsel to plaintiff, had a duty to act in a manner consistent with an attorney with "54 years of experience in his field" (NYSCEF Doc. No. 002, Complaint). According to plaintiff, defendant failed to exercise such skill and knowledge when defendant omitted any reference to the $375,000.00 in the APA, Assignment or Consent Agreement, and that but for defendant's omission, plaintiff would have had a written document memorializing the $375,000.00 and been able to recover the funds as part of the TSI litigation (see id.).

Defendant timely filed the instant pre-answer motion to dismiss (seq. no. 001) plaintiff's complaint. In support of dismissal, defendant argues that the complaint (1) is time barred, pursuant to CPLR § 3211 (a)(5); (2) is barred by documentary evidence, pursuant to CPLR § 3211 (a)(1); and (3) fails to state a cause of action, pursuant to CPLR § 3211 (a)(7) (see NYSCEF Doc. No. 29, Memorandum of Law in Support of Motion to Dismiss).

**151688/2024  99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H**
**Motion No. 001**

Page 6 of 18

6 of 18

[* 6]

Plaintiff opposes, and cross-moves for an order, pursuant to CPLR § 3212, of summary judgment (see NYSCEF Doc. No. 33, Notice of Cross-Motion).

## ANALYSIS

### *MOTION TO DISMISS*

*Statute of Limitations*

Pursuant to CPLR § 3211 (a)(5), a "party may move for judgment dismissing one or more causes of action asserted against him on the ground that [] the cause of action may not be maintained because of the statute of limitations."

An action to recover damages arising from an attorney's malpractice must be commenced within three years from the accrual (see CPLR § 214 [6]). A legal malpractice claim accrues "when all facts necessary to the cause of action have occurred and an injured party can obtain relief in court" (McCoy v Feinman, 99 NY2d 295, 301 [2002] quoting Ackerman v Price Waterhouse, 84 NY2d 535, 541 [1994] [internal quotation marks omitted]).

Here, on October 8, 2020, defendant demanded that Landlord release the $625,000.00 to plaintiff, which Landlord refused to do (see NYSCEF Doc. No. 006, Demand Letter, dated October 08,

151688/2024   99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H
Motion No. 001

Page 7 of 18

7 of 18

[* 7]

2020). Thereafter, on October 26, 2020, plaintiff commenced the TSI Litigation against Landlord to recover the $625,000.00, and retained new counsel to represent it in that proceeding. As a general rule, the retention of the TSI Litigation counsel ended the attorney-client relationship between plaintiff and defendant (see Steinberg v Schnapp, 73 AD3d 171, 176 [1st Dept 2010]; see also Cohen v Grainer, Tesoriero & Bell, 81 NY2d 655, 658 [1993]; Cerio v Koldin, 289 AD2d 1080 [4th Dept 2001][finding that attorney-client relationship ceased to exist when plaintiff retained new counsel). Therefore, defendant avers that the legal malpractice cause of action accrued on or before October 26, 2020, and this action, commenced on February 25, 2024, is barred as untimely.

However, plaintiff alleges that defendant continued to confer with plaintiff and TSI Litigation counsel, as well as provide legal advice and defense strategies, throughout the entirety of the TSI Litigation, thereby tolling the statute of limitations pursuant to the continuous representation doctrine.

"The continuous representation doctrine tolls the statute of limitations . . . where there is a mutual understanding of the need for further representation on the specific subject underlying the malpractice claim" (Zorn v Gilbert, 8 NY3d 933, 934 [2007] quoting McCoy, 99 NY2d at 306). "For the continuous representation doctrine to apply to an action sounding in legal

151688/2024  99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H
Page 8 of 18
Motion No. 001

8 of 18

[* 8]

malpractice, there must be clear indicia of an ongoing, continuous, developing and dependent relationship between the client and the attorney, which often includes an attempt by the attorney to rectify the alleged act of malpractice" (Lavelle-Tomko v Aswad & Ingraham, 191 AD3d 1142, 1145 [3d Dept 2021] quoting Intl. Electron Devices (USA) LLC v Menter, Rudin & Trivelpiece, P.C., 71 AD3d 1512, 1513 [4th Dept 2010]).

"[T]he continuous representation doctrine tolls the statute of limitations only where the continuing representation pertains specifically to the matter in which the attorney committed the alleged malpractice" (Shumsky v Eisenstein, 96 NY2d 164, 168 [2001]; see Davis v Cohen & Gresser, LLP, 160 AD3d 484, 486 [1st Dept 2018][finding that in order to establish continuous representation, the related matters must be "part of a continuing, interconnected representation"). "Accordingly, the doctrine tolls the running of the statute of limitations on malpractice claims until the ongoing representation is completed" (Encalada v McCarthy, Chachanover & Rosado, LLP, 160 AD3d 475, 476 [1st Dept 2019]).

At this juncture, particularly because plaintiff retained new counsel in the TSI Litigation, the court can not determine whether the continuous representation doctrine tolled the statute of limitations. There are issues of fact as to whether defendant's conferral with plaintiff and TSI Litigation counsel

151688/2024  99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H
Page 9 of 18
Motion No. 001

9 of 18

from October 22, 2020, through October 5, 2021, constitutes an attempt to rectify the alleged malpractice; whether there was a clear delineation of an ongoing and continuous relationship between plaintiff and defendant, and mutual understanding of the same; and whether the sale of the Gym and the TSI litigation were part of a continuing, interconnected representation (see Red Zone LLC v Cadwalader, Wickersham & Taft LLP, 27 NY3d 1048, 1050 [2016][finding that questions of fact exist regarding whether the statute of limitations was tolled by the continuous representation doctrine in light of "the absence of any clear delineation of the period of such representation" and "the changed nature of the alleged legal representation"]; see also Berger & Assoc. Attorneys, P.C. v Reich, Reich, & Reich, P.C., 144 AD3d 543 [1st Dept 2016]; Davis, 160 AD3d at 486).

Further, defendant's submission of an affidavit disclaiming any mutual understanding of legal representation after October 26, 2020, is contradicted by the allegations in plaintiff's complaint, wherein plaintiff alleges that defendant was "actively involved in the [TSI] Litigation and his opinion and input were sought throughout" (see NYSCEF Doc. No. 23, Affidavit of Larry H. Schatz, Esq.; see also NYSCEF Doc. No. 002, Complaint). These conflicting accounts further establish the existence of issues of fact and preclude dismissal of plaintiff's complaint on this pre-answer motion (see Red Zone

151688/2024  99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H                    Page 10 of 18
Motion No. 001

10 of 18

[* 10]

LLC, 27 NY3d at 1050 [finding that issues of fact exist based on defendant's submission of affidavit disclaiming any mutual understanding of legal representation after certain time period]).

Accordingly, because the continuous representation doctrine may apply, the motion to dismiss is denied (see 1232 S. Blvd LLC v FXFowle Architects, LLC, 233 AD3d 528, 529 [1st Dept 2024][finding that defendant's motion to dismiss was properly denied where continuous representation doctrine toll may apply]).

*Documentary Evidence*

"[On] a motion to dismiss on the ground that the action is barred by documentary evidence, such motion may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mut. Life Ins. Co. of New York, 98 NY2d 314, 326 [2002] citing Leon v Martinez, 84 NY2d 83, 88 [1994]). A motion to dismiss based on documentary evidence can only succeed if the documents submitted "utterly refute the factual allegations of the complaint and conclusively establish a defense to the claims as a matter of law" (MREF REIT

151688/2024   99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H
Motion No. 001

Page 11 of 18

[* 11]

11 of 18

<u>Lender LLC v FPG Maiden Holdings LLC</u>, 233 AD3d 482, 484 [1st Dept 2024]).

Defendant produces the 2015 Lease to support his position that plaintiff can not establish the "but for" causation element of a legal malpractice cause of action (see NYSCEF Doc. No. 26, Lease, dated April 20, 2015). Specifically, defendant argues that (1) he did not represent plaintiff in negotiating and executing the Lease, and (2) the Lease establishes that the $375,000.00 at issue represents the final 10% installment of the TI Funds to be paid to plaintiff upon procurement of the TCO, which plaintiff failed to procure within the requisite time frame. Therefore, it is defendant's position that plaintiff's own negligence caused it to forfeit its entitlement to the remaining $375,000.00 of the TI Funds.

However, this argument is unavailing. While it is unconverted that defendant did not represent plaintiff in negotiating and executing the Lease, defendant did represent plaintiff in connection with the sale of the Gym, for which defendant drafted the APA, Assignment, and Consent Agreement. The APA, Assignment, and Consent Agreement are the documents at issue here. Indeed, the crux of plaintiff's legal malpractice cause of action centers on the allegation that defendant omitted any reference to the $375,000.00 in those documents, precluding

151688/2024 99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H Page 12 of 18
Motion No. 001

12 of 18

plaintiff from recovering the funds (see NYSCEF Doc. No. 002, Complaint).

Further, a plain reading of Paragraph 78 of the Lease does not support defendant's position that plaintiff's failure to obtain the TCO within the first year of the lease term resulted in a forfeiture of the $375,000.00. Specifically, subsection A of Paragraph 78 provides that Landlord agreed to reimburse plaintiff up to $3,750,000.00 for renovation costs incurred by plaintiff within the first year of the lease term, and subsection D provides that plaintiff's entitlement to reimbursement extends only to costs actually incurred within the first year of the lease term (NYSCEF Doc. No. 26, Lease). Therefore, plaintiff was entitled to reimbursement of any renovation costs incurred from May 1, 2015, through May 1, 2016, and any costs incurred thereafter were deemed waived.

However, subsection C of Paragraph 78, which permitted Landlord to withhold 10% of the reimbursement amount until plaintiff opened for business and secured all building department approvals, does not contain the same strict time requirements as subsections A and D. It does not require plaintiff to obtain the TCO within the first year of the lease term to receive its final reimbursement of the TI Funds, as defendant suggests. Instead, it provides that Landlord not issue final reimbursement for any renovation costs incurred from May

151688/2024  99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H
Motion No. 001

Page 13 of 18

13 of 18

01, 2015, to May 01, 2016, until such time plaintiff secured the TCO. Where, as here, "the terms of a contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and reading the contract as a whole" (Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014] citing Greenfield v Philles Records, 98 NY2d 562, 569 [2002]).

Further, at the time the Consent Agreement was entered into in 2017, plaintiff had yet to obtain the TCO (see NYSCEF Doc. No. 004, Consent Agreement at ¶ 3[a]). If it is defendant's position that plaintiff was required to obtain the TCO within the first year of the lease term, then plaintiff was already delinquent and forfeited its right to reimbursement of the $375,000.00 when the Consent Agreement, APA, and Assignment were entered into. This position is directly contradicted by the affirmation defendant submitted on behalf of plaintiff in the TSI Litigation, which plaintiff attaches to its complaint, wherein defendant affirms, "at the time of the assignment [on December 11, 2017], Landlord was admittedly indebted to [plaintiff] in the sum of $375,000.00 representing the final installment of the Tenant Allowance for building improvements" (NYSCEF Doc. No. 009, Defendant's Affirmation in Support of Emergency Application in TSI Litigation)(emphasis added).

151688/2024   99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H        Page 14 of 18
Motion No. 001

14 of 18

In sum, the documentary evidence defendant submits does not utterly refute plaintiff's factual allegations. Accordingly, at this pre-discovery stage of the instant action, dismissal is not appropriate (see IMO Indus. V Anderson Kill & Olick, 267 AD2d 10, 11 [1st Dept 1999] citing Leon, 84 NY2d at 88).

*Failure to State a Cause of Action*

"On a CPLR § 3211 (a)(7) motion to dismiss for failure to state a cause of action, the complaint must be construed in the light most favorable to the plaintiff and all factual allegations must be accepted as true" (Alden Glob. Value Recovery Master Fund, L.P. v KeyBank Nat'l Ass'n, 159 AD3d 618, 621 [1st Dept 2018] citing 219 Broadway Corp. v Alexander's, Inc., 46 NY2d 506 [1979]). Further, on such a motion, the complaint is to be construed liberally and all reasonable inferences must be drawn in favor of the plaintiff (see Leon, 84 NY2d at 87). "Whatever an ultimate trial may disclose as to the truth of the allegations, on such a motion, a court is to take them as true and resolve all inferences which reasonably flow therefrom in favor of the pleader" (Sander v Winship, 57 NY2d 391, 394 [1982] [emphasis added]).

In order to establish a cause of action for legal malpractice, a plaintiff must establish "(1) the negligence of

151688/2024  99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H        Page 15 of 18
Motion No. 001

15 of 18

[* 15]

the attorney; (2) that the negligence was the proximate cause of the loss sustained; and (3) proof of actual damages" (Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 10 [1st Dept 2008]). "It requires the plaintiff to establish that counsel failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that 'but for' the attorney's negligence, the plaintiff would have prevailed in the matter or would have avoided damages" (id., quoting AmBase Corp. v Davis Polk & Wardwell, 8 NY2d 428, 434 [2007][internal quotation marks omitted]).

Applying these principals -- and construing the complaint liberally, drawing all reasonable inferences in favor of plaintiff, and determining whether the facts as alleged fit into any cognizable legal theory -- the court denies the motion to dismiss plaintiff's complaint.

Plaintiff adequately pleads that (1) defendant, who represented plaintiff in the sale of the Gym, owed plaintiff a duty of care with respect to the legal advice and representation he offered in connection with that sale; and (2) that defendant's failure to memorialize the $375,000.00 in the APA, Assignment, or Consent Agreement caused plaintiff to sustain the loss of the $375,000.00 in TI funds (see NYSCEF Doc. No. 002, Complaint). These allegations are sufficiently pled to assert the elements of a legal malpractice cause of action.

151688/2024  99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H
Motion No. 001

Page 16 of 18

Though defendant relies on his own affidavit to refute the factual allegations contained in plaintiff's complaint, whether plaintiff can ultimately prevail on these allegations is not relevant on this pre-answer motion to dismiss (see Cortlandt street Recovery Corp. v Bonderman, 31 NY3d 30, 47 [2018]).

Accordingly, defendant's motion (seq. no. 001) to dismiss is denied entirely.

## CROSS-MOTION FOR SUMMARY JUDGMENT

Summary judgment is a drastic remedy and is only appropriate where the movant has established that there is no question of fact on any issue which would require a trial (see Andre v Pomeroy, 35 NY2d 361, 364 [1974]; see also Bronx-Lebanon Hosp. Ctr. V Mount Eden Ctr., 161 AD2d 480, 480 [1st Dept 1990][reasoning that "summary judgment is a drastic remedy, the procedural equivalent of a trial [] it should not be granted where there is any doubt about the issue"]). The court may grant summary judgment upon prima facie showing of entitlement to judgment as a matter of law, through admissible evidence sufficient to eliminate material issues of fact (CPLR § 3212[b]; Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49 [2015]; Alvarez v Prospect Hosp., 68 NY2d 320,

151688/2024   99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H          Page 17 of 18
Motion No. 001

17 of 18

[* 17]

324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).

However, summary judgment is premature if -- as here -- discovery is in its infancy (see Guzman v City of New York, 171 AD3d 653, 653 [1st Dept 2019][holding that summary judgment motion was premature where no discovery had been conducted]; see also New Hampshire Ins. Co. v Clearwater Ins. Co., 129 AD3d 99, 117 [1st Dept 2015]["summary judgment motion was premature, given it was made when discovery was still in its infancy"]).

Accordingly, it is

ORDERED that motion (sequence no. 001) of defendant LARRY H SCHATZ to dismiss the complaint of plaintiff 99TH AVENUE HOLDINGS, LLC is denied entirely; it is further

ORDERED that the cross-motion of plaintiff 99TH AVENUE HOLDINGS, LLC for an order of summary judgment is denied entirely; it is further

ORDERED that the parties shall appear for a virtual status conference in Part 42M on June 23, 2025, at 10:30 A.M.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

| 3/13/2025 | | | | | | |
|-----------|---|---|---|---|---|---|
| DATE | | | | EMILY MORALES-MINERVA, J.S.C. | | |
| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

151688/2024  99TH AVENUE HOLDINGS, LLC vs. SCHATZ, LARRY H
Motion No. 001

Page 18 of 18

[* 18]