Malekan v Malekan (2025 NY Slip Op 05771)

Malekan v Malekan

2025 NY Slip Op 05771

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 652507/23|Appeal No. 5003|Case No. 2025-01984|

[*1]Michael Malekan, Plaintiff-Respondent,
v
Albert Malekan et al., Defendants-Appellants, 466-26 Soho LLC, et al., Defendants.

Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for appellants.
Gelber & Santillo PLLC, New York (R. Zachary Gelber of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about March 24, 2025, which denied defendants' motion to quash/limit the subpoenas served by plaintiff on nonparties JPMorgan Chase Bank and Lipton & Associates LLP, unanimously modified, on the law, to grant the motion to the extent of limiting the production of documents to the period of July 28, 2017 to the time of production, limiting Lipton's obligation to produce documents involving 1826 AMJ Management LLC to transactions between 1826 AMJ and nominal defendants 466-26 Soho LLC, 75-26 Soho LLC, Dayan 26-552, LLC, and 466-26 Delaware LLC, ordering the parties to enter into a confidentiality agreement, and otherwise affirmed, without costs.
The subpoenas seeking documents from the nonparty bank and accountant satisfied the minimal notice requirements under CPLR 3101(a)(4) by providing defendants with sufficient information to challenge the subpoenas (see Matter of Kapon v Koch, 23 NY3d 32, 39 [2014]).
Defendants' motion was properly denied to the extent it sought to quash the portion of the subpoenas requiring the nonparties to produce the financial information and documentation of Vida Mona Leah LLC, a separate real estate company wholly owned by defendant Albert Malekan. Defendants failed to show that the documents sought would be utterly irrelevant to the claims in this case, that production would be a futile process that would not uncover anything legitimate (see Dar v SAJ Transp. Northeast LLC, 235 AD3d 581, 582 [1st Dept 2025]; Kaiafas v Ammos NYC LLC, 179 AD3d 416, 417 [1st Dept 2020]), or that use of the subpoenas is "tantamount to a fishing expedition based on . . . baseless speculation" (see e.g. Haron v Azoulay, 132 AD3d 475 [1st Dept 2015]). Plaintiff's nonconclusory allegations as to Albert's improper conduct includes an allegation that he had Vida write a check for $5,000 as part of an effort to acquire, without the requisite authorization or consent, an additional portion of one of the properties whose valuation is at issue in this action. The allegation provides a basis for discovery of the financial documents because they could reveal whether Albert used Vida to shield other instances of misappropriation or deceptive practices concerning the nominal defendants.
In their reply brief, defendants clarify that they do not object to the production of documents by Lipton relating to transactions between 1826 AMJ and the nominal defendants. Plaintiff concedes that the portion of the subpoena on Lipton requiring the production of documents relating to 1826 AMJ's transactions with other real estate entities owned by Albert, apart from the nominal defendants, seeks documents that are not relevant to his claims in this case. Accordingly, given the heated nature of the dispute and the distrust between the parties, the subpoena is limited to require Lipton's production of the 1826 AMJ documents in its possession only to the documents relating to transactions between 1826 AMJ and the nominal defendants. In addition, the parties are directed to enter into a confidentiality agreement.
In accordance with the court's direction at the hearing, the production under the subpoenas is also limited to documents for the period of July 28, 2017 to the time of production, rather than from the January 1, 2016 date provided for in the subpoenas. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2025