■ SALREX INVESTMENTS, INC., Appellant, v M. SLAVIN & SONS, INC., Respondent. (And a Third-Party Action.) [625 NYS2d 168] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered on or about June 18, 1994, which denied plaintiff's motion for summary judgment, unanimously reversed, on the law, and the motion granted, with costs. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $240,000, plus interest from November 26, 1985, with costs.

In an action on a promissory note, where the documentary evidence conclusively indicates the existence of a loan, summary judgment will not be precluded based solely on the unsupported statement of the debtor indicating that the transaction was made to appear to be a loan for ill-defined tax purposes (see, Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255).

In the instant case, no remotely credible reason is offered as to why defendant's principal would have signed notes clearly stating that he owed $270,000 in reliance on an oral representation that he did not really owe anything, or why he actually proceeded to make a payment of $30,000 on this supposedly non-existent debt on another oral representation that he would get it back. Nor has defendant's principal raised a triable issue of fact concerning his bald unsupported assertion that the security agreement, which accompanied the notes and makes clear that the debt is, indeed, a debt, bears a signature that, despite its appearance to the contrary, is not his (see, Joint Venture Asset Acquisition v Tufano, 203 AD2d 102). Concur—Ellerin, J. P., Rubin, Nardelli and Williams, JJ.