RONALD J. HARRINGTON et al., Appellants-Respondents, v MARIAN GAGE, Respondent-Appellant. [843 NYS2d 745]—

Appeal and cross appeal from an order of the Chautauqua

County Court (John T. Ward, J.), entered October 27, 2006 in a breach of contract action. The order, insofar as appealed and cross-appealed from, granted defendant's motion for summary judgment dismissing the complaint, granted those parts of plaintiffs' cross motion for summary judgment dismissing the first three counterclaims and denied that part of the cross motion for summary judgment on the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of plaintiffs, County Court properly determined that their option to purchase defendant's property, contained in an agreement permitting plaintiffs to lease the right to harvest hay from a portion of defendant's property, violates the prohibition against remote vesting set forth in EPTL 9-1.1 (b). The agreement grants plaintiffs an option to purchase the entire property at any time during the existence of the lease, which is renewable indefinitely, and it further provides that it "shall be binding upon the heirs, executors, administrators, successors and assigns of the respective parties hereto as the status of the parties require." We thus conclude that the agreement, when viewed in its entirety, is in violation of EPTL 9-1.1 (b) inasmuch as it grants plaintiffs and their heirs, executors, administrators, successors and assigns a perpetual option to purchase the property.

Contrary to the contentions of plaintiffs, there is no provision in the agreement limiting the exercise of the option to their lifetimes (cf. Reynolds v Gagen, 292 AD2d 310 [2002]), and the option is not appurtenant to the lease that is contained in the agreement inasmuch as "not all of the property subject to the purchase option . . . is even occupied by" plaintiffs pursuant to the lease (Symphony Space v Pergola Props., 88 NY2d 466, 480 [1996]). The lease applies only to the right to harvest hay from a portion of the premises, whereas the option is significantly broader because it grants plaintiffs the right to purchase the entire property in fee simple, including defendant's house and, upon defendant's demise, the right to harvest the timber on the property.

Contrary to the contention of defendant on her cross appeal, the court properly granted those parts of plaintiffs' cross motion seeking summary judgment dismissing the first three counterclaims inasmuch as they are barred by the six-year statute of limitations (see CPLR 213 [2], [8]). Defendant's contention that those counterclaims may be maintained pursuant to CPLR 203 (d) is without merit. "The provisions of CPLR 203 (d) allow a defendant to assert an otherwise untimely claim

which arose out of the same transactions alleged in the complaint, but only as a shield for recoupment purposes, and [CPLR 203 (d)] does not permit the defendant to obtain affirmative relief" (*DeMille v DeMille*, 5 AD3d 428, 429 [2004]). Because the court properly granted defendant's motion insofar as it sought summary judgment dismissing the complaint, the court therefore also properly granted those parts of plaintiffs' cross motion with respect to the first three counterclaims.

Finally, we note that the contentions of plaintiffs concerning the propriety of the court's denial of the part of their cross motion seeking summary judgment dismissing the fourth counterclaim are not before us because they are not encompassed by their notice of appeal (*see generally Matter of Violet Realty, Inc. v City of Buffalo Planning Bd.*, 20 AD3d 901, 903-904 [2005], *lv denied* 5 NY3d 713 [2005]; *Weichert v Delia*, 1 AD3d 1058 [2003], *lv denied* 1 NY3d 509 [2004]). Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.