■ PETER VOUTSAS, Appellant, v RALPH R. HOCHBERG et al., Respondents. [958 NYS2d 903]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered September 23, 2011, which granted defendants' motion to dismiss the complaint as untimely and for failure to state a cause of action, unanimously affirmed, with costs.

The fraud and breach of contract claims alleging that plaintiff's former attorneys had misrepresented to the Bankruptcy Court that plaintiff was insolvent accrued no later than the December 26, 2001 entry of the bankruptcy decree. Accrual of the portion of the fraud claim alleging that payment of part of plaintiff's legal fees by a third party was concealed from him was not deferred by the discovery rule, since the documentary evidence, even without the affidavits submitted, clearly showed

that plaintiff had been aware of such payment more than two years before he commenced this action. The continuous representation doctrine did not apply to the malpractice claim, as the legal services relied upon were unrelated to the specific legal matter as to which malpractice was alleged (*see Shumsky v Eisenstein*, 96 NY2d 164, 168 [2001]), and was not pursuant to a retainer agreement in which the attorney and client anticipated continued representation (*id.* at 170).

Moreover, the fraud, breach of fiduciary duty and breach of contract causes of action all arose from the same facts as the malpractice claim and alleged similar damages, and were therefore properly dismissed as duplicative of the deficient malpractice claim (*see e.g. Sun Graphics Corp. v Levy, Davis & Maher, LLP*, 94 AD3d 669 [1st Dept 2012]; *Bernard v Proskauer Rose, LLP*, 87 AD3d 412, 416 [1st Dept 2011]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe, Renwick and Clark, JJ.