FROSS, ZELNICK, LEHRMAN & ZISSU, P.C., Appellant, v LOUISE GEER, as Trustee of the DILLE FAMILY TRUST, Respondent. [993 NYS2d 300]—

Order, Supreme Court, New York County (Louis B. York, J.), entered May 21, 2013, which, in this action to recover legal fees, denied plaintiff's motion for summary judgment on its account stated claim and for summary judgment dismissing defendant's counterclaims, unanimously modified, on the law, to grant the motion for summary judgment on the account stated claim except as to the amount due under the August 25, 2009 invoice for the period ending July 31, 2009, and for summary judgment dismissing defendant's counterclaims, and otherwise affirmed, without costs.

The Dille Family Trust (the Trust), of which defendant is trustee, owned trademarks and copyrights for "Buck Rogers." Two of the Dille family members are beneficiaries of the Trust; their grandfather's syndicate had obtained the Buck Rogers trademark and copyrights. The syndicate had hired Philip Nowlan to create comic strips based on the character, and his heirs started cancellation proceedings to terminate the syndicate's trademark rights and obtain the rights for themselves. The beneficiaries of the Trust retained plaintiff law firm to handle intellectual property matters, including the cancellation action.

Contrary to the motion court's conclusion, there was a valid fee agreement between plaintiff and the Trust. The better practice would have been to send the engagement letter to the trustee, rather than only to the beneficiaries. However, the record, including email exchanges between the trustee and plaintiff, shows that the trustee was well aware of and approved of the beneficiaries' authority to act on the Trust's behalf with regard to plaintiff's retainer and representation (*see Granato v Granato*, 75 AD3d 434 [1st Dept 2010]). It is irrelevant that the original engagement letter was not signed by the client (*see* 22 NYCRR 1215.1 [a]).

Defendant's timely written objection to plaintiff's invoice dated August 25, 2009, for the period ending July 31, 2009, creates triable issues of fact as to the amount due under that invoice only. Defendant's oral and undocumented objections to

the remaining bills do not suffice to create triable issues as to the remaining amount owed (*see Brill & Meisel v Brown,* 113 AD3d 435, 437 [1st Dept 2014]; *see also Darby & Darby v VSI Intl.,* 95 NY2d 308, 315 [2000]). Moreover, the Trust made partial payments to plaintiff throughout plaintiff's representation (*see Levisohn, Lerner, Berger & Langsam v Gottlieb,* 309 AD2d 668 [1st Dept 2003], *lv denied* 1 NY3d 509 [2004]).

Regarding the legal malpractice counterclaim, assuming that plaintiff's conduct, in failing to complete a chain-of-title report or failing to resolve the underlying intellectual property disputes before withdrawing, amounts to negligence, the Trust failed to demonstrate causation. The Trust failed to show how it would have successfully opposed the underlying trademark cancellation proceeding, or would otherwise have protected its intellectual property rights, but for plaintiff's omissions (*see AmBase Corp. v Davis Polk & Wardwell,* 8 NY3d 428 [2007]; *Leder v Spiegel,* 31 AD3d 266 [1st Dept 2006], *affd* 9 NY3d 836 [2007], *cert denied* 552 US 1257 [2008]).

In addition, the resulting inability to efficiently market the trademarks is too speculative to constitute the "actual ascertainable damages" required to support the malpractice counterclaim (*see e.g. Pellegrino v File,* 291 AD2d 60, 63 [1st Dept 2002], *lv denied* 98 NY2d 606 [2002]).

Beneficiary Flint Dille's bare allegation that he and plaintiff had agreed to a $25,000 fee cap is unsupported in the engagement letter sent to Dille listing an hourly rate or by anything else in the record, and therefore cannot establish a legal malpractice counterclaim.

The breach of contract counterclaim is duplicative of the legal malpractice claim, since it is based on the same factual allegations that underlie the malpractice counterclaim (*see Voutsas v Hochberg,* 103 AD3d 445 [1st Dept 2013], *lv denied* 22 NY3d 853 [2013]). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Manzanet-Daniels and Clark, JJ.