■ GILBERT L. BALANOFF, Respondent, v JUDE DREW DOSCHER, Also Known as JUDE DOSCHER and Others, Appellant. [34 NYS3d 154]—

In an action to recover legal fees, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated May 5, 2014, as granted those branches of the plaintiff's motion which were, in effect, pursuant to CPLR 3211 (a) (5) and (7) to dismiss the defendant's counterclaims.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was to dismiss the counterclaim alleging legal malpractice, and substituting therefor a provision denying that branch of the motion to the extent that counterclaim seeks to offset any award of legal fees to the plaintiff; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant retained the plaintiff to provide legal services, but subsequently discharged him. The defendant allegedly failed to pay legal fees due and owing to the plaintiff. The plaintiff commenced this action to recover the unpaid fees. The defendant asserted counterclaims alleging legal malpractice, breach of fiduciary duty, breach of contract, and disgorgement.

The Supreme Court erred in granting that branch of the

plaintiff's motion which was to dismiss the counterclaim alleging legal malpractice, to the extent that counterclaim seeks to offset any award of legal fees to the plaintiff. Pursuant to CPLR 214 (6), the statute of limitations for a cause of action to recover damages for legal malpractice is three years. The statute of limitations begins to run when the cause of action accrues (*see* CPLR 203 [a]). The defendant did not assert his counterclaim alleging legal malpractice until after the statute of limitations had expired.

However, pursuant to CPLR 203 (d), the defendant is entitled to seek equitable recoupment in a counterclaim. That statute provides, "[a] defense or counterclaim is interposed when a pleading containing it is served. A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed, except that *if the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed*" (CPLR 203 [d] [emphasis added]).

Under CPLR 203 (d), claims and defenses that arise out of the same transaction as a claim asserted in the complaint are not barred by the statute of limitations, even though an independent action by the defendant might have been time-barred at the time the action was commenced. This provision allows a defendant to assert an otherwise untimely claim which arose out of the same transactions alleged in the complaint, but only as a shield for recoupment purposes, and does not permit the defendant to obtain affirmative relief (*see Carlson v Zimmerman*, 63 AD3d 772 [2009]; *Harrington v Gage*, 43 AD3d 1393 [2007]; *DeMille v DeMille*, 5 AD3d 428 [2004]). The defendant's counterclaim alleging legal malpractice relates to the plaintiff's performance under the same retainer agreement pursuant to which the plaintiff would recover, and therefore this counterclaim falls within the permissive ambit of CPLR 203 (d) (*see United States Fid. & Guar. Co. v Delmar Dev. Partners, LLC*, 22 AD3d 1017 [2005]; *Enrico & Sons Contr. v Bridgemarket Assoc.*, 252 AD2d 429 [1998]). However, the counterclaim is permitted only to the extent that it seeks to offset any award of legal fees to the plaintiff and not to the extent that it seeks affirmative relief.

The Supreme Court did not err in granting that branch of the plaintiff's motion which was to dismiss the counterclaim alleging breach of contract, as it is duplicative of the counter-

claim alleging legal malpractice. This counterclaim is based on the same factual allegations that underlie the malpractice counterclaim and does not allege distinct damages (*see Fross, Zelnick, Lehrman & Zissu, P.C. v Geer*, 120 AD3d 1157 [2014]; *Tsafatinos v Lee David Auerbach, P.C.*, 80 AD3d 749 [2011]; *Voutsas v Hochberg*, 103 AD3d 445 [2013]).

The Supreme Court also did not err in granting that branch of the plaintiff's motion which was to dismiss the counterclaim alleging breach of fiduciary duty. This counterclaim is duplicative of the counterclaim alleging legal malpractice, as it involves the same underlying facts and does not allege damages separate and distinct from those caused by the alleged malpractice (*see Proskauer Rose v Asia Elecs. Holding Co.*, 2 AD3d 196 [2003]; *cf. Dischiavi v Calli*, 68 AD3d 1691 [2009]). In any event, this counterclaim was not pleaded with the particularity required by CPLR 3016 (b) (*see Stortini v Pollis*, 138 AD3d 977 [2016]; *Edem v Grandbelle Intl., Inc.*, 118 AD3d 848 [2014]; *Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d 659 [2013]).

Finally, the Supreme Court did not err in granting that branch of the plaintiff's motion which was to dismiss the counterclaim seeking disgorgement of legal fees paid to the plaintiff, as it is duplicative of the legal malpractice counterclaim (*see Mecca v Shang*, 258 AD2d 569 [1999]). Leventhal, J.P., Dickerson, Sgroi and Cohen, JJ., concur.