■ CALIFORNIA CAPITAL EQUITY, LLC, Appellant, v IJKG, LLC, Respondent/Third-Party Plaintiff-Respondent, et al., Defendant. ABRAXIS BIOSCIENCE, LLC, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [54 NYS3d 578]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 5, 2016, which, to the extent appealed from, denied plaintiff's motion to dismiss defendant IJKG, LLC's counterclaims for tortious interference with contract and unjust enrichment, and denied third-party defendant Abraxis Bioscience, LLC's motion to dismiss the third-party complaint as against it, unanimously affirmed, with costs.

The doctrine of equitable recoupment, as codified in CPLR 203 (d), applies to IJKG's counterclaim for tortious interference with its contractual right of first offer, which otherwise would be barred under the applicable three-year statute of limitations (CPLR 214 [4]). The doctrine permits a defendant to seek equitable recoupment in an otherwise untimely defense or counterclaim, if it arises from the transactions, occurrences, or series of transactions or occurrences alleged in the complaint (*see Bloomfield v Bloomfield*, 97 NY2d 188, 192-193 [2001]). The counterclaims or defenses must arise from or relate to the "same" transactions or series of transactions (*Haller v 360 Riverside Owners Corp.*, 273 AD2d 52 [1st Dept 2000]), and some courts have even required a "tight nexus" between the claim and counterclaim (*see Greenspan v Miron*, 130 AD3d 1181, 1183 [3d Dept 2015] [internal quotation marks omitted]).

It is not entirely clear whether the relevant provisions of the

Amended Operating Agreement and the Note Agreement must be read together (see Abed v John Thomas Fin., Inc., 107 AD3d 578, 579 [1st Dept 2013]), or whether IJKG was entitled to a right of first offer before third-party defendant Abraxis sold the Note to plaintiff.

At this, the pleading stage, however, we cannot conclude that the counterclaim does not arise out of the same series of transactions that forms the basis of, and is not sufficiently related to, the cause of action for breach of the tax distribution provisions of the Note Agreement (see Bloomfield, 97 NY2d at 192-193; 182 Franklin St. Holding Corp. v Franklin Pierrepont Assoc., 217 AD2d 508 [1st Dept 1995]). If proved, the counterclaim could be used defensively as a shield for recoupment purposes, but IJKG could not obtain any affirmative relief, such as disgorgement (DeMille v DeMille, 5 AD3d 428, 429 [2d Dept 2004]; Balanoff v Doscher, 140 AD3d 995, 996 [2d Dept 2016], citing Carlson v Zimmerman, 63 AD3d 772 [2d Dept 2009]). Therefore, IJKG can assert its otherwise untimely counterclaim solely to offset any damage award or deficiency judgment that plaintiff may obtain in its favor against IJKG (see Balanoff v Doscher, 140 AD3d at 996; Delta Funding Corp. v Murdaugh, 6 AD3d 571, 571-572 [2d Dept 2004]).

The six-year statute of limitations applies to IJKG's unjust enrichment counterclaim, since it is based on allegations that Abraxis breached the Note Agreement (Maya NY, LLC v Hagler, 106 AD3d 583, 585 [1st Dept 2013]; CPLR 213 [2]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Renwick, J.P., Richter, Gische and Kahn, JJ.