Barrett v Goldstein (2018 NY Slip Op 03325)





Barrett v Goldstein


2018 NY Slip Op 03325


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Sweeny, J.P., Renwick, Mazzarelli, Gesmer, Singh, JJ.


154225/16 6487 6486

[*1]John L. Barrett, Plaintiff-Appellant,
v
Lori H. Goldstein, Esq., et al., Defendants-Respondents.


Law Offices of Paul J. Giacomo, Jr., New York (Paul J. Giacomo, Jr. of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Jonathan Harwood of counsel), for Lori H. Goldstein, respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Jake Bedor of counsel), for Evan D. Schein, Marc Fleischer,
and Berkman Bottger Newman & Rodd, LLP, respondents.



Orders, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about January 3 and January 4, 2017, which granted the defendants' respective motions to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff failed to state a claim for legal malpractice against defendant Lori H. Goldstein (Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 10 [1st Dept 2008]). The documentary evidence conclusively establishes that she was not acting as plaintiff's attorney. Rather, the terms of the post-nuptial agreement which plaintiff now challenges, as well as numerous emails between plaintiff, his former wife, and Goldstein, reflect the parties' understanding and agreement that Goldstein would draft the post-nuptial agreement, and the spouses' separate counsel would review it before execution. Accordingly, plaintiff has not sufficiently alleged an attorney-client relationship between him and Goldstein, or that she was negligent and that her negligence was the "but for" cause of his alleged injuries (id.).
Neither has plaintiff stated a legal malpractice claim against the remaining defendants, who reviewed the post-nuptial agreement and/or served as his counsel in the divorce action. He cannot explain how their failure to challenge the terms of the post-nuptial agreement in the divorce action was the "but for" cause of his alleged damages, given that his subsequent counsel also did not challenge the terms of the agreement (id.). In any event, plaintiff concedes that he made a strategic decision not to challenge the terms of the agreement in the divorce action. The claims for fraud and breach of fiduciary duty are duplicative of the legal malpractice [*2]claim, since they all arose from identical facts and allege the same damages (Voutsas v Hochberg, 103 AD3d 445, 446 [1st Dept 2013], lv denied 22 NY3d 853 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK