Wagner v Pegasus Capital Advisors, L.P. (2021 NY Slip Op 04198)





Wagner v Pegasus Capital Advisors, L.P.


2021 NY Slip Op 04198


Decided on July 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 01, 2021

Before: Renwick, J.P., Gische, Oing, Mendez, JJ. 


Index No. 654613/19 Appeal No. 14153 Case No. 2020-04529 

[*1]Leon Wagner, Plaintiff-Appellant,
v
Pegasus Capital Advisors, L.P., et al., Defendants-Respondents.


Todd & Levi, LLP, New York (David B. Rosenberg of counsel), for appellant.
Davidoff Hutcher & Citron LLP, New York (William H. Mack of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered October 16, 2020, which denied plaintiff's motion for partial summary judgment and granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff borrowed $2 million from defendant Pegasus Capital LLC (Pegasus) in May 2012 on a short-term bridge note. Plaintiff did not pay off the note when it matured. It is undisputed that plaintiff never paid any amounts due under the note. However, the parties bargained for a set-off provision in the short-term bridge note, broadly entitling Pegasus to repay itself out of any monies owed to plaintiff on other Pegasus deals in which plaintiff had participated.
In February 2019, an earlier Pegasus deal in which plaintiff had invested, Six Senses, paid handsomely. As a Six Senses investor, plaintiff was entitled to receive a distribution of $2,667,298.65. Because plaintiff had never satisfied the principal or interest owed on the earlier $2 million bridge note (the total amount due having grown to $2,937,803.36 by operation of the contractual interest rate), defendants advised plaintiff that the amounts due to him on the Six Senses deal would be credited to him, and applied to partially satisfy his debt under the terms of the short-term bridge note.
Plaintiff, however, was not satisfied with this, and instead commenced this action to collect his share of the distribution from the Six Senses transaction. Essentially, plaintiff argues that defendants' contractual set-off right was barred because the six-year statute of limitations period to enforce payment on the debt on the note expired before the instant action was commenced. Supreme Court rejected the argument and dismissed the action. For the reasons that follow, we now affirm.
Contrary to plaintiff's allegations, the expiration of the statute of limitations for suing on the parties' note did not extinguish the underlying obligation (Tanges v Heidelberg N. Am., 93 NY2d 48, 55 [1999]). Nor was the set-off provision in the parties' short-term bridge note an invalid attempt to extend the limitations period prior to the accrual of a claim (cf. John J. Kassner & Co. v City of New York, 46 NY2d 544, 551 [1979]). Rather, it was a separate right to provide a means of recoupment for defendants, should the note go unpaid and plaintiff be entitled to distributions from investments made through defendants (see Bank of N.Y. Mellon v WMC Mtge., LLC, 151 AD3d 72, 80 [1st Dept 2017]).
Nor was the exercise of the contractual setoff under the note barred by CPLR 203(d). The provision of the agreement rendered the claim and setoff intertwined, and plaintiff had agreed, in substance, to treat the distributions as subject to recoupment (see Balanoff v Doscher, 140 AD3d 995, 996 [2d Dept 2016]).
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2021