Schaeffer v May (2023 NY Slip Op 01152)

Schaeffer v May

2023 NY Slip Op 01152

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Renwick, J.P., Friedman, Gesmer, Singh, Higgitt, JJ. 

Index No. 651064/19 Appeal No. 17427-17428-17429 Case No. 2022-00925 2022-00933 2022-00938 

[*1]Brad Schaeffer, Plaintiff-Appellant,
v
Lawrence May, Defendant-Respondent. 

McCarter & English, LLP, New York (Joseph R. Scholz of counsel), for appellant.
Paul F. Condzal, New York, for respondent.

Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered March 1, 2022, dismissing plaintiff Brad Schaeffer's (Schaeffer) amended complaint against defendant Lawrence May (May) and awarding May the total sum of $106,411.25, and judgment, same court and Justice, entered March 1, 2022, awarding May $55,000 in attorneys' fees, unanimously affirmed, without costs. Appeal from amended order, same court and Justice, entered on or about January 21, 2022, unanimously dismissed, without costs, as academic.
"In an action on a promissory note, where the documentary evidence conclusively indicates the existence of a loan, summary judgment will not be precluded based solely on the unsupported statement of the debtor" (Salrex Invs. v M. Slavin & Sons, 214 AD2d 399, 400 [1st Dept 1995]). The promissory note here stated that Schaeffer would repay the $230,000 principal plus twelve percent interest in 60 consecutive monthly installments of $5,066, payable on the first day of the month, beginning August 1, 2017. Schaeffer's affidavit, in which he avers that all the payments made — whether to May or Schaeffer's then employer, Argentum — were payments made on the loan, totaling $302,340 51, creates only a feigned issue of fact (Dixon v Sum Realty, Co., 190 AD3d 584, 585 [1st Dept 2021]). The affidavit conflicted with Schaeffer's own April 16, 2018 email to May, which lists itemized payments from November 27, 2017 through August 1, 2018, and which includes certain payments to May for "debt service," while other payments were paid to both May and Argentum as "debt/misc," with no apportionment between the two. In addition, Schaeffer, in his deposition testimony could not explain the distinction between "debt" and "misc," nor could he apportion payments between these terms and entities. Accordingly, judgment was correctly entered in favor of defendant's counterclaims and the amended complaint properly dismissed.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023