| |
|---|
| **Alterman & Boop LLP v Emamian** |
| 2025 NY Slip Op 32118(U) |
| June 13, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 650345/2024 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. NICHOLAS W. MOYNE** | **PART** 41M |
| | *Justice* | |

--------------------------------------------------------------------------------X

ALTERMAN & BOOP LLP, MICHAEL G. DOWD, ESQ.

Plaintiff,

- v -

EFFAT S. EMAMIAN,

Defendant.

--------------------------------------------------------------------------------X

**INDEX NO.** 650345/2024

**MOTION DATE** 09/24/2024

**MOTION SEQ. NO.** 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43

were read on this motion to/for        JUDGMENT - SUMMARY       .

Upon the foregoing documents, after oral argument, it is

Plaintiffs move for summary judgment on the causes of action set forth in their complaint – essentially asking for their attorney's fees, and dismissing the defendant's affirmative defenses and counterclaims. The defendant opposes the motion. For the reasons set forth herein, the plaintiff's motion is granted in its entirety.

## Background

This action arises from the plaintiffs' representation of Effat Emamian ("Emamian") in her Federal District Court employment discrimination action against her former employer, Rockefeller University (the "Rockefeller action"). Plaintiffs were Emamian's second set of counsel in the Rockefeller action, and they withdrew as counsel on April 21, 2016, prior to trial. The Rockefeller action eventually went to trial with successor counsel, Emamian was awarded $250,000 in back pay and $2,000,000 in pain and suffering, although the latter award was remitted by the Court to $200,000. Additionally, the District Court awarded Emamian attorneys' fees, which were paid by the defendant in the Rockefeller action. Plaintiffs in the instant action seek to obtain that portion of the attorneys' fees awarded in the Rockefeller action which were allocated to them.

Emamian opposes the motion. Her counterclaims allege legal malpractice, breach of fiduciary duty, and breach of contract. Essentially, the defendant's counterclaims and majority of her affirmative defenses revolve around her claims that the plaintiffs withdrew from representation in violation of the retainer agreement, would

**650345/2024 ALTERMAN & BOOP LLP ET AL vs. EMAMIAN, EFFAT S.**      **Page 1 of 6**
**Motion No. 001**

1 of 6

[* 1]

not deduct the expenses paid by Emamian from the attorneys' fees they sought, and failed to turn over the entire case file to successor counsel.

In the Rockefeller action, the District Court granted, in part, Emamian's post-trial motion for pre and post judgment interest, attorneys' fees and costs to be paid by the defendant in that action. The total attorneys' fee award was $960,570. Of this, $150,700 was attributable to the Alterman Firm, and $48,800 to Dowd. The decision also awarded costs, of which $49,969.83 were attributed to Alterman and Dowd, and $18,610 were attributed to Emamian herself. This decision took into consideration the fact that Alterman and Dowd withdrew from representation before trial took place, reducing the Alterman Firm's hours by 60% and the Dowd Firm's hours by 75%. In particular, District Court Judge Paul G. Gardephe adopted the recommendation of the Magistrate Judge, who opined that "with respect to the Dowd Firm, an even greater reduction of its hours than of the Alterman Firm's hours is required, because Dowd "was not an employment law expert, but was brought in to be a part of the trial and offer his experience in trying cases. Because Dowd withdrew before the trial took place, he never performed the task he was brought in to do" (Exh. M, Memorandum Opinion & Order, p. 43, NYSCEF Doc. No. 24).

## Summary Judgment

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case. Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of any material issues of fact or where the issue is arguable (*Glick & Dolleck, Inc. v Tri-Pac Export Corp.*, 22 NY2d 439, 441 [1968]). "If it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion" (CPLR § 3212[b]). "In considering a summary judgment motion, evidence should be analyzed in the light most favorable to the party opposing the motion (*Martin v Briggs*, 235 AD2d 192, 196 [1st Dept 1997]). "In opposing a motion for summary judgment, once a prima facie showing has been made, it is incumbent upon a defendant to come forward with matters of an evidentiary nature to demonstrate the presence of triable issues. General averments do not suffice. The defendant is required to assemble, lay bare, and reveal his proofs in order to show that his defenses are real and capable of being established upon a trial" (*Steingart Assoc., Inc. v Sandler*, 28 AD2d 801, 802-03 [3d Dept 1967]).

## The plaintiffs' claims are timely

The retainer agreement at issue in the instant matter contains a fee provision that includes a contingent fee provision based upon the monetary recovery by the client. Therefore, the plaintiff's claims are not barred by the statue of limitations. "When a retainer is contingent upon 'recovery' there is no recovery until there is a collection" (*In re Brenner's Tr.*, 203 NYS2d 182, 185 [Sup Ct NY County 1960]). In this case,

Emamian did not recover until after the July 11, 2023 amended decision of the U.S. District Court for the Southern District of New York. The instant action was commenced on January 23, 2024, approximately six months after the District Court award of attorneys' fees, and well within the six-year statute of limitations for breach of contract. Additionally, although the plaintiff asserted a statute of limitations defense in her answer, no argument in favor of that defense was made on this motion. Failure to raise an affirmative defense in opposition papers to a motion for summary judgment waives that defense (*see New York Commercial Bank v J. Realty F Rockaway, Ltd.*, 108 AD3d 756, 757 [2d Dept 2013]).

### Defendant is not entitled to deduct her out-of-pocket expenses from the plaintiffs' attorneys' fees

To the extent that Emamian contends that the expenses she paid out of pocket should be deducted from the attorneys' fees, this is clearly contradicted by the retainer agreement which states "Client shall be responsible for ordinary expenses such as transportation costs, long distance telephone, copying, filing fees and the like. In the event that the Law Firms incur any extraordinary expenses, the Client agrees to pay these expenses before they are incurred. However, the Law Firms shall incur no extraordinary expenses without consent of the Client in advance. All expenses including mock juries, daily transcripts and expert witness fees incurred will be paid by Client upfront or within 30 days of billing. In the event of any settlement, the out-of-pocket-disbursements will be deducted from the settlement before any fees are applied to the settlement" (Exh. E, Retainer Agreement ¶ 4, NYSCEF Doc. No. 16). Contrary to Emamian's contention, this is unambiguous – the client is responsible for the payment of all expenses. The last sentence quoted above, regarding deduction of out-of-pocket disbursements, specifically states that these will be deducted from a *settlement*. The Rockefeller action ended with a verdict after trial, not a settlement – therefore, this clause in the retainer agreement is, on its face, inapplicable. Furthermore, when read in conjunction with the rest of the retainer agreement, the sentence clearly relates to the contingent fee provisions of the retainer (*Id.* at ¶ 3). Therefore, the plaintiff fails to state a claim with regard to her contention that her out-of-pocket expenses should be deducted from the attorney fee award. Accordingly, to the extent that Emamian's breach of contract claim is based upon the plaintiffs' failure to credit her out-of-pocket expenses against their claim for legal fees, the cause of action must be dismissed.

### Defendant cannot obtain affirmative relief on her counterclaims

The defendant did not assert her counterclaims until after the applicable statutes of limitations had run. The defendant's counterclaims accrued when the plaintiffs withdrew as counsel in the Rockefeller action on or about April 21, 2016. The defendant did not file her answer containing the counterclaims until April 10, 2024, just shy of eight years after her claims accrued. The longest statute of limitations which could possibly apply to Emamian's counterclaims is the six-year statute of limitations for breach of contract (*see* CPLR § 213[1][six year statute of limitations for which no limitation is specifically prescribed by law], CPLR § 213[2] [six year statute of limitations for contractual obligation or liability], CPLR § 214[6] [three year statute of limitations for

[* 3]

malpractice]).  Accordingly, the counter claims were brought after the applicable statute of limitations had run.  However, to the extent that any of the counterclaims are viable, they may be available to offset any recovery by the plaintiffs.  "Under CPLR 203(d), claims and defenses that arise out of the same transaction as a claim asserted in the complaint are not barred by the statute of limitations, even though an independent action by the defendant might have been time-barred at the time the action was commenced. This provision allows a defendant to assert an otherwise untimely claim which arose out of the same transactions alleged in the complaint, but only as a shield for recoupment purposes, and does not permit the defendant to obtain affirmative relief" (*Balanoff v Doscher*, 140 AD3d 995, 996 [2d Dept 2016]).

### The defendant's breach of fiduciary duty and breach of contract claims are duplicative of the legal malpractice cause of action

The defendant's breach of fiduciary duty claim is duplicative of the counterclaim alleging legal malpractice, as it involves the same underlying facts and does not allege damages separate and distinct from those caused by the alleged malpractice (*see Balanoff v Doscher*, 140 AD3d 995, 997 [2d Dept 2016]).  Where a breach of fiduciary duty claim is duplicative of the malpractice claim it should be dismissed (*see Proskauer Rose LLP v Asia Elecs. Holding Co., Inc.*, 2 AD3d 196 [1st Dept 2003]).  Accordingly, the defendant's breach of fiduciary duty claim is dismissed.

The defendant's breach of contract claim should likewise be dismissed as duplicative of the legal malpractice claim (*see, Balanoff, supra*).  Absent the claim that the plaintiff's breached the retainer agreement by not offsetting the expenses paid by Emamian, which claim is dismissed hereinabove, the breach of contract cause of action does not assert different facts or damages than those in the legal malpractice cause of action.  Accordingly, the defendant's breach of contract counterclaim is dismissed.

### The defendant's legal malpractice claim must be dismissed

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Aur v Manhattan Greenpoint Ltd.*, 132 AD3d 595, 595 [1st Dept 2015]).  "A plaintiff's damages may include litigation expenses incurred in an attempt to avoid, minimize, or reduce the damage caused by the attorney's wrongful conduct" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 443 [2007] [internal citation omitted]).

Defendant contends that the plaintiffs committed legal malpractice by withdrawing from her representation despite a clause in the retainer agreement which stated that the law firms "will not withdraw from representing her under any circumstances, except non-payment of the fees described in paragraph 2" (Retainer Agreement ¶ 6, NYSCEF Doc. No. 32).  "[A]s a general rule equity will not enforce specific performance of contracts for personal services" (*Am. Broadcasting Companies,*

*Inc. v Wolf*, 76 AD2d 162, 174 [1st Dept 1980], *affd,* 52 NY2d 394 [1981]; *see also Matter of Baby Boy C.*, 84 NY2d 91, 101 [1994] ["courts will rarely if ever grant specific performance of a contract for personal services"]).  Furthermore, as set forth in the Declaration of Daniel L. Altman supporting his withdrawal as counsel in Rockefeller action, which was made when the case was trial ready but had not yet been scheduled for trial, his medical conditions at the time made him unfit to conduct a trial.  These conditions included severe pain as a result of a recent surgery, the need for future surgery, limited mobility, and impacted mental faculties as a result of taking a narcotic for his pain (*see* Declaration of Daniel L. Altman, NYSCEF Doc. No. 18).  In addition to Altman's own assessment as to his fitness to conduct a trial, Altman also had a letter from his Orthopedic Surgeon indicating that Altman would not be able to attend to his court responsibilities (Exh, H, Gonzalez Della Valle, MD letter, NYSCEF Doc. No. 19) Pursuant to the rules of professional conduct, 22 NYCRR § 1200.0 Rule 1.16(b)(2), "a lawyer *shall* withdraw from the representation of a client when … the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client" (emphasis added).  The fact that, after having withdrawn in the Rockefeller action, Mr. Altman continued to represent, or be listed as an attorney on other cases that were at different, less taxing, stages litigation than trial does not mean that he was competent to try the Rockefeller action at that time.  Accordingly, Altman's withdrawal from representation was in accordance with the rules of professional conduct, and did not constitute malpractice.

As noted by the court in the Rockefeller action, Dowd was not an employment law expert, but was brought in to be a part of the trial and offer his experience in trying cases (*see* Exh. M, Memorandum Opinion & Order, p. 43, NYSCEF Doc. No. 24).  Pursuant to 22 NYCRR § 1200.0 Rule 1.1(b), a lawyer shall not handle a legal matter that the lawyer knows or should know that the lawyer is not competent to handle, without associating with a lawyer who is competent to handle it.  In the Rockefeller action, Dowd was concededly not competent to handle the employment law matter without associating with an attorney who was competent to handle the matter.  In the Rockefeller action Dowd was associated with Altman, who was the employment law expert.  Once Altman withdrew as counsel, it was appropriate for Dowd to withdraw as he was no longer associated with a lawyer who was competent to handle the matter.  Accordingly, it was not malpractice for Dowd to withdraw.

For the reasons stated above, the defendant's counterclaim for legal malpractice is dismissed.

**The plaintiffs are entitled to summary judgment**

It is undisputed that the plaintiffs entered into a retainer agreement with the defendant.  The plaintiffs represented the defendant from May of 2011 until their withdrawal in April of 2016.  The plaintiffs performed significant work on the defendant's behalf.  The judgment of the District Court is conclusive on the issues of attorneys' fees and costs (*see Gramatan Home Inv'rs Corp. v Lopez*, 46 NY2d 481, 485 [1979] ["as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law

**650345/2024   ALTERMAN & BOOP LLP ET AL vs. EMAMIAN, EFFAT S.**
**Motion No.  001**

**Page 5 of 6**

5 of 6

[* 5]

necessarily decided therein in any subsequent action"]).  The District Court took into account the negative impact that the plaintiffs' withdrawal from the Rockefeller action had on the defendant and reduced their fees to reflect that.  Accordingly, the plaintiffs are entitled to summary judgment on their complaint.

**Conclusion**

As set forth hereinabove, it is hereby

**ORDERED** that the plaintiffs' motion for Summary Judgment is granted; and it is further

**ORDERED** that the defendant's affirmative defenses and counterclaims are dismissed; and it is further

**ORDERED and ADJUDGED** that the plaintiff is to serve a copy of this order with notice of entry upon the Office of the County Clerk, who is directed to enter judgment in favor of plaintiff, Alterman & Boop LLP, and against defendant, Effat Emamian, in the amount of $166,793.20, plus interest at the rate of 9% per annum from the date of August 31, 2023, and costs and disbursements, as taxed by the Clerk of the Court upon the submission of proper proof thereof; and it is further

**ORDERED and ADJUDGED** that the plaintiff is to serve a copy of this order with notice of entry upon the Office of the County Clerk, who is directed to enter judgment in favor of plaintiff, Michael G. Dowd, Esq., and against defendant, Effat Emamian, in the amount of $62,676.63, plus interest at the rate of 9% per annum from the date of August 31, 2023, and costs and disbursements, as taxed by the Clerk of the Court upon the submission of proper proof thereof; and it is further

**ORDERED** that plaintiffs shall submit judgment directly to the Clerk of the Court, not chambers or the Part, unless otherwise directed by the Clerk of the Court; and it is further

**ORDERED** that any such service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "efiling" page on this court's website).

This constitutes the decision and order of the court.

20250613135458NMOYNE0506267SAEB3148DCAD2C8AA25CB6A545

_____                    _____
**6/13/2025**                                  **NICHOLAS W. MOYNE, J.S.C.**
**DATE**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

650345/2024  ALTERMAN & BOOP LLP ET AL vs. EMAMIAN, EFFAT S.          Page 6 of 6
Motion No.  001

6 of 6

[* 6]