| |
|---|
| **Estate of Knobel v Echeverria** |
| 2026 NY Slip Op 30673(U) |
| February 24, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 161275/2013 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | HON. HASA A. KINGO | PART 65M |
| | *Justice* | |

-----------------------------------------------------------------------------X

ESTATE OF FRANKLIN KNOBEL A/K/A FRANKLIN
EUGENE KNOBEL by STEVEN KNOBEL, EXECUTOR

                                        Plaintiff,

                        - v -

RAMON ECHEVERRIA

                                        Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161275/2013 |
| MOTION DATE | 10/24/2023 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155

were read on this motion for                           SUMMARY JUDGMENT                           .

Plaintiff moves pursuant to CPLR § 3212 for summary judgment on the issue of damages in an action to recover on an alleged promissory note dated January 19, 2010, signed January 25, 2010, in the principal amount of $1,350,000, together with contractual interest and related relief. Plaintiff additionally requests that, if the court finds a triable issue as to whether the principal amount is $1,350,000 or $300,000, the court enter judgment at least in the amount of $300,000, together with interest at the asserted default rate, as an "undisputed minimum."

Defendant opposes, contending (among other things) that he signed only a $300,000 note, that pages were substituted to inflate the principal amount, and that offsets/recoupment arising from the parties' course of dealings eliminate or substantially reduce any amount due.

## BACKGROUND AND PROCEDURAL HISTORY

This action arises from a long-running business relationship between the decedent, Franklin Knobel, and defendant. The motion record reflects that defendant owned or controlled property in the Bronx, New York commonly described in the papers as 1001 Findlay Avenue, and that the parties' dealings concerned (at least in part) funding and work connected to that property. Defendant asserts that the relationship was largely governed by verbal "handshake" arrangements in which payments and construction work were later reconciled; plaintiff disputes that characterization and asserts that decedent advanced substantial loan proceeds that were fixed in a written promissory note.

Procedurally, the action was originally commenced by plaintiff via a motion for summary judgment in lieu of complaint under CPLR § 3213 based on the promissory note. Plaintiff obtained a default judgment. By an order dated in April 2021, this court vacated the default as to damages,

**161275/2013   KNOBEL, FRANKLIN vs. ECHEVERRIA, RAMON**
**Motion No. 007**

**Page 1 of 8**

permitted defendant to interpose an answer, and granted plaintiff "judgment on liability." The motion record further reflects that defendant thereafter served an answer asserting affirmative defenses and counterclaims (including allegations of fraud in connection with the alleged note amount and allegations of conversion/unjust enrichment relating to funds and/or work performed). Discovery proceeded. The present motion seeks summary adjudication of damages (i.e., the principal amount due under the note and whether offsets reduce that amount).

## ARGUMENTS

Plaintiff contends that it has made the requisite prima facie showing for judgment as a matter of law by submitting the promissory note in the principal amount of $1,350,000 and by pointing to defendant's repeated admissions that he signed the note (albeit with an assertion by defendant that the note was only for $300,000). Plaintiff argues that defendant's contention that pages were substituted is unsupported and conclusory, and that defendant's alleged "offsets" are either unsupported by admissible evidence or irrelevant to the note claim. Plaintiff relies on Appellate Division, First Department, precedent holding that summary judgment on a promissory note is not defeated by an "unsupported statement of the debtor" where the documentary record establishes the loan (*Schaeffer v May*, 214 AD3d 424 [1st Dept 2023]; *Salrex Invs. v M. Slavin & Sons, Inc.*, 214 AD2d 399 [1st Dept 1995]).

Defendant argues that summary judgment is a "drastic remedy" and that the court must not decide credibility questions on a CPLR § 3212 motion. Defendant asserts that the damages issue turns on credibility and factual determinations: whether he signed a $1,350,000 note or only a $300,000 note later altered by page substitution; whether plaintiff's proof of disbursements is reliable and related to the subject transaction; and whether offsets/recoupment exist based on unpaid work, alleged diversion of funds, and the parties' course of dealing. Defendant also argues that CPLR § 4519 (the Dead Man's Statute) limits plaintiff's ability to rely on the executor's testimony about transactions with the decedent, and that evidence excludable under CPLR § 4519 cannot be the basis for granting summary judgment (*Phillips v Kantor & Co.*, 31 NY2d 307 [1972]).

In reply, plaintiff argues that defendant has not produced competent proof sufficient to raise a triable issue regarding alteration or offsets, that the executor's statements are not barred because plaintiff relies principally on documentary evidence (including the note), and that defendant's counterclaims and offsets are either time-barred or unrelated to the note transaction. Plaintiff further argues that even if an issue exists as to the full principal amount, defendant's admission that he signed a note for at least $300,000 warrants entry of judgment in that amount now.

## DISCUSSION

Summary judgment is a drastic remedy and may be granted only where the movant "make[s] a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). If the movant fails to make that prima facie showing, the motion must be denied "regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med.*

**161275/2013   KNOBEL, FRANKLIN vs. ECHEVERRIA, RAMON**                                    **Page 2 of 8**
**Motion No. 007**

2 of 8

*Ctr.*, 64 NY2d 851, 853 [1985]). Once the prima facie showing is made, the burden shifts to the opponent to produce evidentiary proof in admissible form sufficient to establish the existence of triable issues of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The court's role on a CPLR § 3212 motion is "issue-finding," not "issue determination," and the court may not resolve credibility determinations where material facts are genuinely disputed (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). Where competing sworn accounts present genuinely disputed material facts, summary judgment must be denied. Conversely, conclusory or speculative assertions, expressions of hope, or unsubstantiated allegations are insufficient to defeat a properly supported motion (*Zuckerman*, 49 NY2d at 562).

## I.     Prima facie showing on a promissory note claim

On the note claim, plaintiff's motion is properly analyzed under familiar principles governing actions to enforce promissory notes and similar written repayment obligations.

Within the Appellate Division, First Department, production of the promissory note, together with proof of default, generally establishes a prima facie entitlement to judgment, shifting the burden to the debtor to come forward with evidentiary proof of a triable defense (*Salrex*, 214 AD2d at 399–400; *Schaeffer*, 214 AD3d at 424–425. As the Appellate Division, First Department has stated, "where the documentary evidence conclusively indicates the existence of a loan, summary judgment will not be precluded based solely on the unsupported statement of the debtor" (*Schaeffer*, 214 AD3d at 424–425; quoting *Salrex*, 214 AD2d at 399-400).

Here, plaintiff submits the purported promissory note that forms the basis of the action, in a face amount of $1,350,000, and relies on defendant's admissions that he executed a promissory note (though defendant disputes the principal amount). Plaintiff also points to this court's prior order granting plaintiff judgment on liability, leaving damages for later determination.

For purposes of the present motion, plaintiff has met its threshold burden of showing the existence of an executed written repayment instrument and defendant's nonpayment sufficient to shift the burden on the CPLR § 3212 motion (*Alvarez*, 68 NY2d at 324; *Zuckerman*, 49 NY2d at 562).

The central question, therefore, is not whether some note obligation exists (liability having been established), but whether plaintiff has shown, as a matter of law and without triable factual dispute, that the recoverable principal amount is $1,350,000 (or, alternatively, at least $300,000 at this stage), and whether defendant has raised triable issues concerning alteration and offsets that bear directly on the amount due.

## II.    Triable issues concerning the principal amount and alleged alteration

Plaintiff's motion asks the court to determine—on papers alone—that the note principal is $1,350,000, notwithstanding defendant's sworn assertion that he signed a $300,000 note and that pages were substituted after execution to create the appearance of a $1,350,000 obligation.

161275/2013   KNOBEL, FRANKLIN vs. ECHEVERRIA, RAMON                                    Page 3 of 8
Motion No. 007

3 of 8

As a general matter, a debtor's "unsupported statement" that is contradicted by documentary evidence will not defeat summary judgment on a note (*Schaeffer*, 214 AD3d at 424–425; *Salrex*, 214 AD2d at 399-400). Similarly, where allegations of fraud in the procurement of a promissory note are conclusory, unsubstantiated, or contradicted by documentary evidence, summary judgment may be granted (*Coleman v Norton*, 289 AD2d 130 [1st Dept 2001]).

However, these principles do not authorize the court to resolve genuine disputes of material fact that depend on assessing credibility and the authenticity/integrity of the instrument being enforced (*Sillman*, 3 NY2d at 404). Where the opposition raises a "real" dispute—supported by sworn testimony and not merely attorney argument—concerning whether the instrument presented is the instrument actually executed (including whether it was materially altered), the court may not "weigh the credibility of the affiants" on summary judgment unless it "clearly appears that the issues are not genuine, but feigned" (*Sillman*, 3 NY2d at 404).

On this record, the court finds that defendant has raised a triable issue of fact as to the principal amount stated on the note and the integrity of the document's pages. Defendant's submissions do not consist solely of counsel's speculation; rather, they include defendant's sworn account that: (i) he signed a $300,000 note, (ii) he never received a copy contemporaneously, and (iii) the note he signed was later altered by substitution of pages to reflect $1,350,000. The parties' submissions further demonstrate that the central dispute turns on what occurred at execution and what document was actually signed—matters that cannot be resolved without assessing testimony and credibility.

Plaintiff's reply submissions marshal substantial contrary arguments (including assertions about internal consistency in the note, asserted "footer" details, and business-record evidence of disbursements). But those arguments underscore that the dispute is factual: plaintiff asks the court to infer from the documentary record that alteration is impossible or that defendant's assertions are contrived; defendant asks the court to infer the opposite. Deciding between those competing narratives would require precisely the type of credibility determinations and factual findings that CPLR § 3212 does not permit (*Alvarez*, 68 NY2d at 324; *Sillman*, 3 NY2d at 404).

Accordingly, plaintiff has not established, as a matter of law, that the principal amount properly recoverable on this judgment motion is $1,350,000.

### III. Dead Man's Statute considerations and the evidentiary posture of the motion

Defendant argues that CPLR § 4519 limits plaintiff's ability to rely on the executor's testimony regarding transactions with the decedent and that evidence excludable under CPLR § 4519 cannot support summary judgment. The Court of Appeals has indeed held, "emphatically," that evidence excludable under CPLR § 4519 should not be used to support summary judgment (*Phillips*, 31 NY2d at 310–313). At the same time, CPLR § 4519 objections are typically addressed in the trial context; and, in assessing a CPLR § 3212 motion, courts do not grant judgment to a movant where the dispositive proof would likely be barred at trial under CPLR § 4519 (*Phillips*, 31 NY2d at 310–313; *see also Kuznitz v Funk*, 187 AD3d 1006, 1008–1009 [2d Dept 2020]).

**161275/2013   KNOBEL, FRANKLIN vs. ECHEVERRIA, RAMON**                    **Page 4 of 8**
**Motion No. 007**

4 of 8

Here, plaintiff's prima facie case does not depend solely on executor testimony about communications with the decedent; it also rests on the promissory note itself and defendant's admissions of execution. Nevertheless, to the extent plaintiff asks the court to resolve the $1,350,000-versus-$300,000 dispute by crediting the executor's account of the decedent's intent, dealings, or oral understandings, such proof implicates CPLR § 4519 and heightens the impropriety of resolving the dispute on summary judgment (*Phillips*, 31 NY2d at 310–313).

Put differently: even assuming plaintiff may ultimately be able to prove the $1,350,000 principal amount through admissible documentary evidence and other testimony, the present motion record does not permit the court to determine that issue as a matter of law where (i) the integrity of the note document is contested and (ii) the testimonial dispute is intertwined with evidentiary constraints that are classically resolved at trial (*Phillips*, 31 NY2d at 310–313; *Alvarez*, 68 NY2d at 324).

### IV.    Offsets, recoupment, and remaining damages issues

Independent of the alteration dispute, defendant argues that offsets/recoupment based on the parties' course of dealings reduce or eliminate any note balance. Plaintiff responds that the alleged offsets are unsupported, unrelated, and time-barred, particularly where defendant's counterclaims were interposed years after the underlying events.

The court agrees with the parties that New York law distinguishes between (i) affirmative recovery on a time-barred claim and (ii) defensive use of otherwise time-barred matter as equitable recoupment to reduce a plaintiff's recovery where the defense/counterclaim arises from the same transaction or series of transactions on which plaintiff's claim depends. That doctrine is codified in CPLR § 203(d), which provides that if a defense or counterclaim "arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint" (CPLR § 203[d]).

The Appellate Division, First Department, has recognized and applied that doctrine, holding that equitable recoupment may permit an otherwise untimely counterclaim/defense if it arises from the same set of transactions alleged in the complaint, but only to reduce plaintiff's recovery (not to obtain affirmative relief beyond the complaint's demand) (*California Capital Equity, LLC v IJKG, LLC*, 151 AD3d 650 [1st Dept 2017]).

On this record, the court cannot determine, as a matter of law, the nature and scope of any offsets that may be available. Defendant's submissions assert that the parties reconciled advances and work performed over a course of dealing, and they identify categories of alleged offsets (including alleged diversion of funds from an entity associated with the subject property and alleged unpaid construction invoices). Plaintiff disputes both the factual underpinnings and the relevance of those items to the note obligation.

Two points are decisive on the present motion.

First, to the extent defendant's asserted offsets depend on proof of an overarching oral arrangement by which advances were to be "balanced out" against work performed, the court

**161275/2013   KNOBEL, FRANKLIN vs. ECHEVERRIA, RAMON**                    Page 5 of 8
**Motion No. 007**

5 of 8

[* 5]

cannot determine on this motion whether such an arrangement existed, what its terms were, and whether it was intended to operate as payment, recoupment, or an independent obligation. Those issues are factual, depend on credibility, and require a trial record (*Sillman*, 3 NY2d at 404; *Zuckerman*, 49 NY2d at 562).

Second, even if some alleged offsets ultimately prove to be unrelated and therefore outside CPLR § 203(d), the court cannot cleanly sever that legal question from the disputed factual narrative about the parties' transactions without a developed evidentiary record. In particular, the court must determine (at trial) whether the asserted offsets arise from the same "transactions, occurrences, or series of transactions or occurrences" as the note claim—a determination that is inherently fact-sensitive (CPLR § 203[d]; *California Capital*, 153 AD3d at 429).

Accordingly, defendant's asserted offsets provide an additional basis to deny plaintiff's request for a final damages judgment as a matter of law at this juncture, because they reinforce that the amount due cannot be determined without resolving material factual disputes.

## V.     Plaintiff's alternative request for a $300,000 "minimum judgment"

Plaintiff urges that, even if there is a triable issue as to whether the note principal is $1,350,000, the court should enter judgment now for $300,000 because defendant admits signing a promissory note in that amount.

The court declines to do so on this motion. Although defendant admits executing a note for $300,000, the damages determination in this action has been expressly left open, and defendant's submissions—fairly read in the light most favorable to the nonmovant—contend that reconciliation of the parties' dealings and offsets may reduce the amount due. The court cannot, on this record, determine as a matter of law that the net amount due is at least $300,000, because that conclusion would require the court to (i) reject defendant's evidence and accountings as non-credible or irrelevant and/or (ii) determine that defendant's claimed recoupment is legally unavailable, without an adequate factual record to apply CPLR § 203(d) (*Alvarez*, 68 NY2d at 324; *Sillman*, 3 NY2d at 404; *California Capital*, 151 AD3d at 650-651).

## VI.    Remaining issues of fact

For clarity and to streamline further proceedings, the court identifies the principal issues of fact that remain for trial (or a damages hearing, as appropriate), consistent with this court's prior liability determination:

1.    The principal amount stated in the promissory note obligation: whether the enforceable obligation is in the principal amount of $1,350,000 as plaintiff claims, or $300,000 as defendant claims, including the factual question whether the instrument presented was materially altered by substitution of pages after execution.

2.    The amount of loan proceeds actually advanced (and their relation to the note): to the extent the parties' proof of disbursements and repayments bears on damages and on the parties' defenses, what amounts were advanced for the transaction(s) underlying the

note, whether they were advanced as loans or as payments for services, and what repayments (if any) were made.

3. Offsets/recoupment affecting the net amount due: whether defendant is entitled to reduce any amount otherwise due under the note based on equitable recoupment under CPLR 203(d) (or other legally cognizable setoff principles), including (as factually supported and legally applicable) whether the claimed offsets arise from the same transactions or series of transactions as plaintiff's note claim, and the amount of any such offsets.

4. Contractual interest and the operative accrual/default date: depending on the principal amount found due and the findings regarding payments/offsets, the date of default (if not otherwise established), the applicable interest rate(s) under the instrument, and the resulting calculation of interest.

Each of these issues is material to determining damages and cannot be resolved on the present summary judgment record without impermissible fact-finding and credibility determinations (*Sillman*, 3 NY2d at 404; *Zuckerman*, 49 NY2d at 562).

Accordingly, it is hereby:

ORDERED that plaintiff's motion for summary judgment pursuant to CPLR § 3212 on the issue of damages is denied; and it is further

ORDERED that the parties shall proceed to trial (or such damages hearing as the court directs) limited to the remaining damages issues identified above, consistent with this court's prior determination of liability; and it is further

ORDERED that any request for immediate entry of a $300,000 "minimum judgment" is denied without prejudice to renewal upon a record demonstrating that no triable issues exist as to the net amount due after consideration of legally cognizable offsets/recoupment; and it is further

ORDERED that the parties shall appear for an in-person settlement conference on Wednesday, April 22, 2026, at 11:00 a.m., in Room 308 of the courthouse located at 80 Centre Street, New York, New York; and it is further

ORDERED that, in advance of the conference, appearing counsel shall exchange a settlement demand and any preliminary offers, shall appear with full settlement authority, and shall ensure that their clients are present in person or immediately available by telephone for the duration of the conference.

This constitutes the decision and order of the court.

_____02/24/2026_____                    _____

**161275/2013   KNOBEL, FRANKLIN vs. ECHEVERRIA, RAMON**                    **Page 7 of 8**
**Motion No. 007**

HASA A. KINGO, J.S.C.

_____
**DATE**

**CHECK ONE:**

| | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | GRANTED | X DENIED | | GRANTED IN PART | OTHER |

**APPLICATION:** SETTLE ORDER — SUBMIT ORDER

**CHECK IF APPROPRIATE:** INCLUDES TRANSFER/REASSIGN — FIDUCIARY APPOINTMENT — REFERENCE

**161275/2013 KNOBEL, FRANKLIN vs. ECHEVERRIA, RAMON**
**Motion No. 007**

[* 8]